## MAX WEBER

### *v.*

### ORDELL H. POWERS.

*Opinion filed December 22, 1904—Petition stricken Feb. 9, 1905.*

1. JUDGMENTS AND DECREES—*authority to confess judgment must be strictly pursued.* Authority to confess judgment without process must be clear and explicit and must be strictly pursued, and if there is no power to enter the debtor's appearance and confess judgment the judgment is a nullity and may be collaterally attacked for want of jurisdiction.

2. SAME—*judgment by confession must be for a fixed and definite sum.* A judgment by confession must be for a fixed and definite sum, and not in confession of a fact that can only be established by testimony outside of the written documents required by the statute to be filed in order to authorize entry of a judgment by confession.

3. LEASES—*exception to rule that holding over creates new tenancy.* The rule that where a tenant for years holds over at the expiration of the lease, the landlord, at his election, may treat the tenant as a tenant for another year upon the same terms as in the original lease, is subject to the condition that such holding over is not under any new arrangement.

4. SAME—*holding over does not authorize judgment by confession under lease.* A power to confess judgment for rent accruing during the term of the written lease to which it is attached cannot be extended to the implied contract resulting from the tenant's holding over, so as to authorize confession of judgment for rent accruing, after the term, under the implied contract.

5. SAME—*whether holding over creates new tenancy is a question of fact.* Whether holding over creates a new tenancy is a question of fact for the jury under the instructions of the court, and to permit such question to be determined by the confession of it in a cognovit made under the original lease, which has expired by limitation, and by the judgment of confession entered in pursuance of the cognovit, would be to deny the tenant the right of trial by jury.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. JONAS HUTCHINSON, Judge, presiding.

This was a motion to vacate a judgment by confession, entered on May 6, 1903. The motion to vacate was denied, and the order denying it was entered on May 16, 1903, by the Superior court of Cook county. An appeal from said order was taken to the Appellate Court, and the Appellate Court affirmed the order denying the motion to vacate the judgment, granting at the same time a certificate of importance. The present appeal is from such order of affirmance.

The facts are substantially as follows: The declaration was filed on May 6, 1903, in the Superior court of Cook county, and avers that on May 14, 1900, the plaintiff below, appellee here, demised 4346 Forestville avenue in Chicago to the defendant below, the appellant here, for and during the term of twenty-three months, commencing on the first day of June, 1900, and ending on April 30, 1902, and that said demise was on, to-wit, the first day of May, 1902, renewed for a period of one year, beginning on to-wit, May 1, 1902, "and paying therefor during the said term and the renewal thereof to the said plaintiff the rent at the rate of $600.00 per year, payable monthly, that is to say, on the first

day of each and every month of said term in advance by even and equal installments of $50.00 each, by virtue of which said demise the said defendant entered into possession of the said demised premises," and was possessed thereof from the first day of October, 1902, until the .... day of April, 1903, during which period a large sum of money, to-wit, the sum of $350.00, of seven liquidated installments of $50.00 each (mentioning them,) became and was due and payable from the said defendant to the said plaintiff, and is unpaid, whereby an action has accrued to the plaintiff to have and demand from the defendant the sum of $350.00, parcel of the said sum above demanded.

The cognovit was filed on the same day, May 6, 1903, and recites that the defendant, by his attorney, comes and defends the wrong and injury, when, etc., and waives service, and says "that he cannot deny the action of the said plaintiff, nor but that he, the said defendant, owes and is indebted to the said plaintiff in manner and form as the said plaintiff has above complained against him, nor but that the said plaintiff has sustained damages on occasion of the non-performance of the several agreements and undertakings of said declaration mentioned, including the sum of $20.00 attorneys' fees for his reasonable attorneys' fees for entering up this judgment, over and above other costs and charges by him about his suit in this behalf expended to the amount of $370.00," and defendant waives errors and appeal "on the judgment entered by virtue hereof." There was an affidavit of plaintiff's agent to the effect that defendant was indebted in the sum of $360.00 and $20.00 attorneys' fees. Plaintiff also filed an affidavit with the declaration that he owns the premises, and knows the handwriting of Max Weber, and that the signature on the attached lease is that of Max Weber who is still living, and that there is due as rent under the renewal of said lease $350.00.

The lease, containing the warrant of attorney filed in the cause, is dated May 14, 1900, and made by appellee to

appellant, demising said premises, "to have and to hold the same unto the party of the second part from the first day of June, A. D. 1900, until the last day of April, A. D. 1902. And the party of the second part, in consideration of said demise, does covenant and agree with the party of the first part as follows: First, to pay as rent for said demised premises the sum of $1150.00, payable in monthly installments of $50.00 each in advance, upon the first day of each and every month of said term, at the office of Draper & Kramer."

The lease contains also the following provision: "Eighth —At the termination of this lease by lapse of time or otherwise, to yield up immediate possession to said party of the first part, and, failing so to do, to pay, as liquidated damages for the whole time such possession is withheld, the sum of $5.00 per day. * * * The party of the second part hereby irrevocably constitutes any attorney of any court of record of this State attorney for him in his name * * * to enter appearance in such court, waive process and service thereof, and confess judgment from time to time for any rent which may be due to said party of the first part, or the assignee of said party, by the terms of this lease, with costs and $20.00 attorney's fees, and to waive all errors and all right of appeal from said judgment and judgments, and to file a consent in writing, that a writ of restitution or other proper writ of execution may be issued immediately," etc. The lease is under seal.

The judgment, entered upon the same day, to-wit, May 6, 1903, was as follows: "And now on this day comes the plaintiff to this suit by Jule F. Brower and Samuel B. King, his attorneys, and files herein his certain declaration in a plea of trespass on the case upon promises, and thereupon also comes the said defendant by Otis King Hutchinson, his attorney in fact, and files herein his warrant of attorney, the execution of which being duly proven, and also his cognovit confessing the action of the plaintiff against him, the said defendant, and that the plaintiff has sustained damages here-

in by reason of the premises against him, the said defendant, to the sum of three hundred seventy dollars, and no cents, on motion of plaintiff leave is given him by the court to enter up a judgment herein for the amount due on the lease filed in said cause, together with attorney's fees, as provided in said warrant of attorney. Therefore, it is considered by the court that the plaintiff do have and recover of and from the defendant his said damages of three hundred seventy dollars, and no cents, in form as aforesaid by the said defendant confessed, together with his costs and charges in this behalf expended and have execution therefor."

The bill of exceptions was filed on July 18, 1903, and recites that, on the hearing of the motion made by the defendant to set aside and vacate the judgment by confession entered in said cause on May 6, 1903, and to quash the execution issued thereon, and for leave to plead to the declaration filed therein, which hearing was had on the 16th day of May, 1903, the defendant, to maintain said motion, submitted the same in writing, and assigned the following reasons in favor thereof, to-wit: (1) That the rendition of the judgment herein was improper and illegal. (2) That no power to confess the judgment entered herein was given by the defendant, Max Weber, in and by said lease and warrant of attorney attached to the declaration. (3) That the lease attached to the declaration, and in which a warrant to confess judgment was contained, expired by its own limitation on the 30th day of April, 1902, and that no new lease was signed, or any written agreement entered into by the defendant, Max Weber. (4) That the declaration alleges the lease to have expired on April 30, 1902, and that on May 1, 1902, a new contract for a period of one year was entered into by the parties, and no statement is contained in the declaration as to whether said new contract was a valid or written contract, and no warrant of attorney to confess judgment under said new contract alleged in the declaration is attached thereto, or was presented to or filed in court. (5) That a

lease filed in this case, of which the warrant of attorney is a part, expired on the 30th day of April, 1902, and the declaration shows that the rent, claimed as due, and for which judgment was rendered, accrued after April 30, 1902, and under the new contract alleged in said declaration and after the said warrant of attorney had expired. (6) That at the time of the rendition of the judgment the defendant was not indebted to the plaintiff in the sum of $370.00, or in any sum whatever.

The bill of exceptions also recites that the defendant read in evidence in support of his motion his own affidavit, in which he states that he entered into the lease in question with the plaintiff, Powers, for a period from June 1, 1900, to April 30, 1902, at a yearly rental of $1150.00, payable monthly at the rate of $50.00 per month, as is stated in the lease; that before the expiration of the lease, on to-wit, April 20, 1902, a representative of the plaintiff asked affiant if he wanted to make a new lease of the said premises from May 1, 1902, to April 30, 1904, and affiant then refused to enter into a new lease for said premises, stating, however, that if the plaintiff would make certain repairs on and about said property to the satisfaction of affiant, affiant would execute such a lease; that, shortly before the expiration of the lease and prior to May 1, 1902, the plaintiff, Powers, called on affiant, and asked him if he would be willing to remain at the rate of $50.00 per month for rental; that affiant agreed to remain provided Powers would make certain repairs within a reasonable time, and that, after making the repairs within a reasonable time, affiant would sign the lease; that Powers accepted the proposition, and that this agreement was made during April, 1902; that affiant then remained in possession until the latter part of September, 1902, waiting for such repairs to be made, and paid all the rent to Powers for all the time he was in occupation of said premises; that Powers did not make all the repairs as agreed to by him, but attempted from time to time to make a few repairs, and, in

the latter part of September, 1902, said repairs were not finished, and, therefore, this affiant during the month of September, 1902, moved out of said premises and surrendered the keys and the possession thereof to the plaintiff; that affiant vacated the premises because plaintiff would not and did not fulfill his contract to make repairs, and because of the fact that the premises were in such a condition occasioned by the plaintiff herein, that this affiant was deprived of the beneficial enjoyment of said premises; that the lease expired April 30, 1902, and no new lease was executed, except the verbal agreement above stated, being a tenancy from month to month; that affiant was not indebted to the plaintiff in any sum at the time of the entry of the judgment by confession herein; that no warrant of attorney was signed by him, except the one contained in the lease which expired on April 30, 1902, and that he at no time authorized any attorney in any manner to appear for him in the above entitled cause, and confess judgment; and that he has a good defense to this action upon the merits to the whole of the plaintiff's demand.

The bill of exceptions also stated that the plaintiff, Powers, read in evidence his own affidavit in opposition to the motion of the defendant to vacate the judgment, and therein swore that prior to May, 1902, when the lease between him and Weber—being the instrument sued on—expired, affiant agreed with Weber that the latter should remain in possession of the premises at the same rental reserved in the lease, namely, $50.00 per month, and upon the same conditions and terms set forth in the said lease, and affiant agreed to execute a new lease of the said premises upon the same conditions, terms and promises as set forth in said lease; that, during the month of August, 1902, and subsequent to May 1, 1902, Weber agreed with affiant to sign a two-year lease of said premises upon the same conditions as set forth in said lease expiring April 30, 1902, and that this affiant agreed at the same time to make certain repairs amounting to $100.00;

that the same were made, and the making of the same super-
intended by said Weber, and his wife, and completed to their
satisfaction before Weber vacated the premises; that, when
the repairs were made, no time was set by Weber, or by affi-
ant, when they were to be made, but Weber requested affiant
to permit him and his wife to superintend them and attend
to the same, which they did; that affiant was not aware that
Weber had vacated the premises until he received a letter
from him, dated October 11, 1902, telling him to call and
get the keys for the house on the premises, and stating that
they had been ready for Powers since Monday, and asking
him to call for the same at 4404 Prairie avenue; that affiant
called upon Weber about September 15 at his office, and
Weber refused to sign the lease, and stated that he intended
to vacate the premises because the price of coal for heating
the house was high, and that he intended to move into a
steam heated apartment to save the expense of heating the
house; that appellant never complained to affiant that any
of the repairs were not such as affiant had agreed to make,
or as to their sufficiency and extent, but expressed his satis-
faction with them; that Weber did not vacate the premises
until October 1, 1902, and, when he abandoned the same,
neglected to lock the same, but left the front door unlocked.

The bill of exceptions also states that a certain affidavit
of one Crawford was read in evidence by the plaintiff in op-
position to the motion, in which Crawford stated that he
made the repairs and decorations upon the premises upon
the order of Powers, and that Weber's wife selected the col-
ors, styles and materials for the decorations and repairs from
the firm of which Crawford was foreman, and superintended
the same, and that the same were completed to the satisfac-
tion of Weber; that, when they were made, no time was
set by either Weber or Powers when they should be made,
but Weber requested affiant to permit him and his wife to
superintend the same, which they did; and that the same
were finished before August 20, 1902.

Kraus, Alschuler & Holden, for appellant:

The judgment is void and should be vacated, regardless of the merits. *Chase* v. *Dana,* 44 Ill. 262; *Mayer* v. *Pick,* 192 id. 561; *Frye* v. *Jones,* 78 id. 627; *Whitney* v. *Bohlen,* 157 id. 571; *Blake* v. *Bank,* 178 id. 182.

A warrant of attorney to confess judgment must be in writing, and in itself specify the very debt for which judgment may be confessed. Practice act, sec. 65; *Roundy* v. *Hunt,* 24 Ill. 598; *Chase* v. *Dana,* 44 id. 262; *Tucker* v. *Gill,* 61 id. 236; *Frye* v. *Jones,* 78 id. 627; 1 Tidd's Practice, 552; *Little* v. *Dyer,* 138 Ill. 272; Anderson's Law Dic.; *Rabe* v. *Heslip,* 4 Pa. St. 139.

The warrant of attorney in the original lease is not authority to confess judgment for rent accruing on holding over. *Smith* v. *Pringle,* 100 Pa. St. 275.

There was no holding over, but a mere tenancy at will or on condition, pending the execution of a lease, under express new agreements. 2 Taylor on Landlord and Tenant, (9th ed.) sec. 524; 1 Wood on Landlord and Tenant, secs. 13, 14.

The old expired written lease is not a written contract under which the rights of the parties are construed upon a holding over. It is only evidence of an implied contract. 1 Wood on Landlord and Tenant, pp. 30, 32, note; 2 Taylor on Landlord and Tenant, (9th ed.) sec. 525; *Stewart* v. *Apel,* 5 Houst. 189; *Kimpton* v. *Eve,* 2 V. & B. 353.

Jule F. Brower, and Samuel B. King, for appellee:

There is a presumption in favor of a judgment entered by confession under warrant of attorney that the court heard evidence sufficient to sustain the allegations of the declaration. *Boyles* v. *Chytraus,* 175 Ill. 370; *Bush* v. *Hanson,* 70 id. 480.

The appeal from an order overruling a motion to vacate a judgment by confession does not open for review alleged errors in the judgment itself. *Mumford* v. *Tolman,* 157 Ill. 258; *Knox* v. *Bank,* 57 id. 330.

In the absence of any propositions of law presented to the trial court upon motion to vacate a judgment by confession, questions of law cannot be considered by the Supreme Court upon further appeal from the Appellate Court. *Pearce* v. *Miller,* 201 Ill. 188.

Where a holding over by a tenant after the expiration of a previous lease is under an agreement modifying such previous lease in one particular, such modification will not constitute a new agreement that will rebut the presumption of a holding over under the terms of the old tenancy, but under such circumstances the holding over would be under the terms of the old agreement as so modified. *Miller* v. *Ridgely,* 19 Ill. App. 306.

Warrant to confess judgment is a security for the obligation upon which it authorizes confession. *Bush* v. *Hanson,* 70 Ill. 480.

The renewal or extension of a lease which is implied from holding over after the expiration of a previous term, carries with it all covenants and extends all dates of the original letting, so as to make them applicable to the extended term. *Gardner* v. *Dakota Comrs.* 31 Minn. 33; *Wadsworth* v. *Wadsworth,* 21 Weekly Dig. 520.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

The material question, presented by the record in this case, is whether the appellee was authorized by the power of attorney to confess judgment to enter up a judgment for rent, alleged to have accrued after the expiration of the written lease, and while appellant was in possession of the premises after such expiration either by virtue of holding over under the lease, or by virtue of a new agreement made between the parties.

By the terms of the written lease, under which appellant originally entered, he was to hold the premises from the first

day of June, 1900, until the last day of April, 1902, a period of twenty-three months, and to pay as rent therefor "the sum of $1150.00, payable in monthly installments of $50.00 each in advance upon the first day of each and every month of said term." Appellant paid all the rent due by the terms of the written lease up to the last day of April, 1902. He remained in possession five months after the lease expired, and until the latter part of September, 1902, when he abandoned the premises. He paid rent at the rate of $50.00 per month for each of the five months, during which he remained in possession after the expiration of the lease. The judgment was entered for rent at the rate of $50.00 per month for the seven months inclusive from October 1, 1902, when appellant left the premises, up to May 1, 1903, together with costs and attorneys' fees. Did appellee have any authority, under the warrant of attorney contained in the lease, to enter up judgment by confession against appellant for the period of seven months from October 1, 1902, to May 1, 1903?

Certainly, the warrant of attorney, contained in the lease, did not in express terms confer any authority to enter up judgment for any rent accruing after April 30, 1902, when the term mentioned in the written lease expired.

It is claimed, on the part of appellee, that, after April 30, 1902, the date of the expiration of the lease, appellant held over with the consent of the appellee, the landlord, upon the same terms and conditions, which are prescribed in the original lease, and that, inasmuch as the landlord was authorized by the terms of the lease to enter up judgment for the rent accruing while the lease was in force, he was also authorized to enter up judgment for the rent, which accrued while the appellant was holding over, it being contended that the power to confess judgment was continued after the expiration of the lease during the period of the holding over by the appellant, if there was such holding over.

It is the settled doctrine of this court, that the authority to confess a judgment without process must be clear and

explicit, and must be strictly pursued; and that, if there is no power to enter the appearance of the debtor and confess the judgment, such judgment is a nullity, and binds no one, and may be attacked collaterally for want of jurisdiction in the court to render it. (*Chase* v. *Dana,* 44 Ill. 262; *Tucker* v. *Gill,* 61 id. 236; *Roundy* v. *Hunt,* 24 id. 598; *Frye* v. *Jones,* 78 id. 627; *Mayer* v. *Pick,* 192 id. 561; *Whitney* v. *Bohlen,* 157 id. 571; *Blake* v. *State Bank of Freeport,* 178 id. 182; *Krickow* v. *Pennsylvania Tar Manf. Co.* 87 Ill. App. 653; *Hall* v. *Hamilton,* 74 Ill. 437; *Frear* v. *Commercial Nat..Bank,* 73 id. 473; *Little* v. *Dyer,* 138 id. 272).

Here, the warrant of attorney authorized any attorney of any court of record "to enter (appellant's) appearance in such court, waive process and service thereof and confess judgment from time to time for any rent, which may be due to said party of the first part * * * by the terms of this lease." The only rent, which might be due to appellee by the terms of the written lease, was the sum of $1150.00, payable in monthly installments of $50.00 each in advance, upon the first day of each and every month during the period of twenty-three months, extending from June 1, 1900, to April 30, 1902. For any of the installments of rent at the rate of $50.00 per month, which might be due during this period of twenty-three months, and which was a part of the sum of $1150.00, judgment by confession could be entered up. But the warrant of attorney confers no authority to confess judgment for any other amounts, or for any amounts accruing during any other period. The warrant of attorney does not authorize the confession of judgment for rent, which may be due according to the terms of an oral demise, existing after the expiration of the written lease. The lease itself does not contain any covenant or. agreement on the part of the lessor for a renewal of the lease. The old, or written, lease is not the contract of the parties for a new term, but is only evidence to uphold the implied contract, resulting from the holding over of the tenant. (1 Wood on Landlord and

Tenant, sec. 13). Such holding over, where it exists, becomes in effect a parol demise during the holding, and will be barred in due time by the Statute of Limitations. (2 Taylor on Landlord and Tenant, sec. 525; *Stewart* v. *Apel,* 5 Houst. (Del.) 189).

Parol evidence must be resorted to to show that, where the tenant remains in possession after the expiration of the written lease, he holds over under the terms of such lease. A power to confess judgment for the rent, due by the terms of the written lease, cannot be construed into a power to enter up judgment for rent accruing under an implied contract, resulting from the fact of a holding over by the tenant. In this case, to give the warrant of attorney such a construction, would be in violation of the rule, that such warrants of attorney should be strictly construed.

"Where a tenant for a year or years holds over after the expiration of his lease, without having made any new arrangement with his landlord under which such holding over takes place, the landlord, at his election, may treat the tenant as a trespasser, or as a tenant for another year, upon the same terms as in the original lease, and this though the tenant has no intention of holding over for a year, or of paying the same rent. The law fixes the tenant's liability for holding over, independent of his intention. The legal presumption of a renewal from the holding over cannot be rebutted by proof of a contrary intention on the part of the tenant alone." (*Clinton Wire Cloth Co.* v. *Gardner,* 99 Ill. 151). The right of election as to whether the tenant, remaining in possession after the expiration of the lease, is holding over upon the same terms as in the original lease is a right, which belongs to the landlord, and not to the tenant. It is the landlord alone, whose intention on the subject is to be ascertained, as it is he alone, who may elect to treat the tenant as holding over under the terms of the old lease. (*Keegan* v. *Kinnare,* 123 Ill. 280). It is true, that, as a general rule, the law by implication creates a new tenancy from year

to year, where the tenant holds possession of the premises after the expiration of a lease for year, or years, under which he went into possession, but such implication is not conclusive; it may be rebutted by the acts of the parties; and it is a question of fact for the jury to determine, under the instructions of the court, whether or not the holding over is such as to create a new tenancy. While the legal presumption of a renewal of the tenancy from the holding over of the tenant cannot be rebutted by proof of a contrary intention on the part of the tenant alone, it can be rebutted by proof of a contrary intention on the part of the landlord alone, or on the part of both parties. (*Clinton Wire Cloth Co.* v. *Gardner, supra*). If it be a question of fact to be determined by the jury, under the instructions of the court, whether the holding over is such as to create a new tenancy, then such question of fact cannot be determined by a confession of it in a cognovit, and by a judgment of confession, entered in pursuance of such cognovit. So to hold would be to deprive the debtor of his right to a trial by jury. The debtor, in authorizing a confession of judgment against him for rent, due by the terms of a written lease which he has signed, cannot be thereby made to confess judgment in favor of a renewal of such lease, or in favor of a holding over under such lease. The fact of a renewal, or the fact of a holding over, is a fact *dehors* the written lease and the terms of the written power of attorney, contained in the lease. A judgment by confession must be for a fixed and definite sum, and not in confession of a fact, that can only be established by testimony outside of the written documents, required by the statute to be filed in order to enter up a judgment by confession.

In *Smith* v. *Pringle,* 100 Pa. St. 275, the Supreme Court of Pennsylvania held that a confession of judgment for a term certain has reference to that particular term only, and does not authorize the entry of judgment for rent, accruing after the expiration of the term certain where the tenant has held over. In that case, a judgment by confession was en-

tered up for a certain amount upon a confession of judg-
ment, contained in a lease of certain premises executed by
Pringle to Smith. Smith obtained a rule to show cause why
the judgment should not be opened, and he be let into a de-
fense, which rule was afterwards made absolute, but the
judgment was reversed, and the court there said: "The
judgment in this case was entered under the power con-
tained in the lease by Pringle to Smith for one year from
April 1, 1875, at the rent of $450.00. The judgment was
confessed for the full sum of $450.00 evidently to secure the
payment of that rent. There is nothing to extend it as se-
curity beyond that amount. The renewal of the lease by the
tenant continuing in possession clearly would not do so.
When, therefore, the rent for the term of the lease was paid,
the judgment was paid. The implied renewal of the lease
could not revive the judgment once extinguished and dead.
That the plaintiff might have recovered the rent accruing
subsequently was nothing to the purpose." So, in the case
at bar, the warrant of attorney gave authority to confess
judgment for $1150.00, or for monthly installments of that
sum amounting to $50.00 each, and accruing during the
period of twenty-three months from June 1, 1900, to April
30, 1902. The warrant of attorney could not be extended as
security beyond that amount, and the continuation of appel-
lant in possession beyond the expiration of the lease could
not do so. When appellant paid all the rent, amounting to
$1150.00, which became due in monthly installments dur-
ing the period of twenty-three months, he paid all the money,
for which the warrant of attorney authorized judgment to
be entered up against him. The power, conferred by the
warrant of attorney, was thereby exhausted, and could not
be revived by an implied contract, resulting from a holding
over by appellant. Counsel for appellee say that a warrant
of attorney to confess judgment is a familiar common law
security, and is extended with the extension of the principal
obligation, citing *Bush* v. *Hanson,* 70 Ill. 480. Undoubtedly,

if the principal obligation, named in the present lease, that is to say, the obligation to pay $1150.00 of rent in monthly installments during a period of twenty-three months, had been assigned by appellee, the security afforded by the warrant of attorney would have passed to such assignee. But in such case the debt assigned would be the same debt, for which the warrant of attorney authorized the confession of judgment, and not a new and different debt, accruing subsequently, and growing by implication out of a holding over by the tenant.

The rule that, where a tenant for year or years holds over after the expiration of his lease, the landlord, at his election, may treat the tenant as a tenant for another year upon the same terms as in the original lease, is subject to the condition, that such holding over after the expiration of the lease is not under any new arrangement, made by the landlord with the tenant. The rule does not apply where there is a new contract between the landlord and tenant, under which the latter remains in possession. (*Clinton Wire Cloth Co.* v. *Gardner, supra; Keegan* v. *Kinnare, supra; Goldsborough* v. *Gable,* 140 Ill. 269). The doctrine is thus stated in 18 Am. & Eng. Ency. of Law,—2d ed.—p. 407: "In the absence of any express stipulations, the new tenancy, created by a tenant's holding over after the expiration of his lease, is implied by law to be upon the same terms and subject to all the covenants contained in the expired lease." In *Prickett* v. *Ritter,* 16 Ill. 96, it was held that, where a tenant under a lease for a year or years, or for a stated period, holds over, it will be construed as an implied agreement, that he shall hold over for a corresponding period upon the same terms as to rent and times of payment, unless there be some act of one or of both the parties, which rebuts the implication. (See also *Hunt* v. *Morton,* 18 Ill. 75; *McKinney* v. *Peck,* 28 id. 174).

In the case at bar, the affidavits, filed upon the motion to vacate the judgment and for leave to plead to the declara-

tion, show that there was some new arrangement between appellee and appellant in reference to holding over, and to the continued possession of the premises by the appellant. Appellant in his affidavit swears that appellee, or his representative, proposed to him before the expiration of the written lease to give him a new lease of the premises for two years, and that appellant agreed to remain upon the premises, and pay the same rent which he had already paid, on condition that certain repairs should be made. Appellee himself in his affidavit swears that, before the expiration of the old lease, he agreed with appellant that the latter should remain in possession of the premises at the same rent and upon the same terms, and that appellant agreed to execute a new lease upon the same conditions, terms and promises as set forth in the old lease; and he also swears that in August, 1902, after the expiration of the lease, appellant agreed with him to sign a lease of the premises for two years upon the same terms as set forth in the old lease which expired on April 30, 1902. The new agreement, thus made between the parties, was different from the old agreement. The old agreement provided for a demise of the premises for a period of twenty-three months, while the new agreement provided for a demise of the premises for a period of two years. The presumption, which would arise from the holding over by the appellant, would be that the tenancy was renewed for a period of twenty-three months, or for one year. But this presumption is rebutted by the statement, made in the affidavits, that the parties agreed upon a lease for two years, one of them saying that such lease was to be made absolutely and without condition, and the other, that it was to be made upon the condition that certain repairs were to be made by the lessor. The new arrangement made, or sought to be made, as set forth in the statement preceding this opinion, is inconsistent with the idea, that appellee, as landlord, was treating the appellant as a tenant holding over under the same terms, as were prescribed by the lease.

It is true that the new agreement for a lease for a period of two years was an oral agreement, and, under the Statute of Frauds, was void as being an agreement that was not to be performed within the space of one year from the making thereof. (2 Starr & Curt. Ann. Stat.—2d ed.—p. 1991). But although the agreement may have been void under the Statute of Frauds, yet inasmuch as the treatment by the landlord of the tenant, who holds over, as one who holds over under the terms and conditions of the old lease, is a matter of intention on the part of the landlord, such void verbal agreement serves to explain the holding over after the expiration of the written lease, and to show that it was not upon the terms of the original lease. That such a new verbal contract, void under the Statute of Frauds, may serve to show that the landlord did not intend to treat the tenant as holding over under the terms of the original lease, was held by the Supreme Court of Alabama in the case of *Crommelin* v. *Theiss & Co.* 31 Ala. 412, and approved of by this court in *Clinton Wire Cloth Co.* v. *Gardner, supra.* It being true, then, that the execution of a new agreement between the parties, or the pendency of a treaty between them for a further lease, rebuts the presumption, that appellee intended to treat appellant as a tenant holding over under the old lease, it cannot be said that the power conferred by the warrant of attorney to confess judgment for rent, due under the old lease, was continued after the expiration of such lease, and warranted the entry of judgment against the appellant for the rent accruing after such expiration. If appellant was not holding over under the terms and conditions of the old lease, he was not holding over subject to the right of the appellee to enter judgment under the warrant of attorney, as expressed in the old lease.

There is another qualification to the rule, already announced, as to the presumption of the implied contract from the fact of the holding over by the tenant. Taylor, in his work on Landlord and Tenant, (vol. 2,—9th ed.—sec. 525),

says: "Where the landlord suffers the tenant to remain in possession after the expiration of the original tenancy, the law presumes the holding to be upon the terms of the original demise, subject to the same rent and to the covenants of the original lease, so far at least as these are applicable to the new condition of things." The qualification here referred to is, that the covenants of the original lease shall be applicable to the new condition of things. If, in the present case, the warrant of attorney to confess judgment, as embodied in the lease, is a covenant, and not a mere collateral agreement, it cannot be said that it is applicable to the new condition of things, created by the holding over of appellant under the circumstances already stated. A power of attorney to confess judgment is a written instrument, and the covenant to pay rent, as embodied in the lease, is a written obligation. Therefore, the warrant of attorney in the lease is a written power of attorney to enter judgment upon a written obligation. If the warrant of attorney is applicable to the holding over as thus indicated, then there would be a mere oral or implied power of attorney to enter judgment upon an oral or implied contract. Therefore, upon the doctrine of inapplicability, it cannot be said that the authority to confess judgment was extended from the original lease to the subsequent implied contract, created by the holding over.

For the reasons above stated, we are of the opinion that the Appellate Court, and the superior court of Cook county, erred in denying the motion to vacate the judgment, and in refusing to allow appellant to plead to the declaration.

Accordingly, the judgments of the Appellate Court and of the Superior court of Cook county are reversed, and the cause is remanded to the superior court for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*