## Wolf Cohen, Assignee of Samuel Seward, Appellee, v. Harry C. Wexler, Appellant.

### Gen. No. 26,550.

1. JUDGMENT—*construction of warrant to confess judgment for rent.* A warrant of attorney to confess judgment for any rent due and for costs and an attorney's fee, contained in a lease in the usual form, applies only to rent accruing within the term demised and not for use and occupation after expiration of the term of the lease.

2. JUDGMENT—*when warrant does not authorize confession of judgment for rent.* Where a tenant, after expiration of a lease containing a warrant of attorney to confess judgment, held over under an oral agreement on a *per diem* basis, there was no authority in the court to enter judgment by confession for rent accruing for the time for which the tenant held over and for an attorney's fee, and a motion to vacate a judgment so entered should have been allowed.

Appeal from the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in this court at the October term, 1920. Reversed and remanded with directions. Opinion filed June 13, 1921.

KAPLAN & KAPLAN, for appellant; JACOB H. JAFFE, of counsel.

ERWIN E. COWEN, for appellee.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

The relation of the parties in this suit to each other was that of landlord and tenant. Defendant occupied under a lease from plaintiff's assignor, which expired April 30, 1920. In that lease there was a warrant of attorney to confess judgment for any rent due under the terms of the lease with costs and $20 attorney's fees, and to waive errors, etc., in the usual form. A judgment for $25 was confessed as and for

rent "for the aforesaid month of May, 1920," and $20 for attorney's fees. Defendant made a motion to vacate the judgment and filed an affidavit in support of his motion, setting up the fact that he had paid rent for all of the term demised in the lease and that there was nothing due for rent thereunder. He further set up that he entered into an oral agreement with the lessor to the effect that on and after May 1, 1920, he would remain in possession of the demised premises from day to day for about a week, the rental to be at the rate of $1.44 a day, and that in pursuance of such agreement he did occupy said premises from May 1, 1920, to May 5, 1921, at which time he delivered possession thereof to the plaintiff, who went into possession and occupied the same as his residence and still so occupies them; that May 9, 1920, he tendered to plaintiff the sum of $7.50 for rent due in accord with the foregoing understanding, which plaintiff, without assigning any reason, refused to accept; and further setting forth that there was no authority in the lease authorizing the court to enter judgment by confession for rent accruing for the time which he held over, as stated in plaintiff's statement of claim.

Defendant's motion to vacate and set aside the judgment by confession was overruled by the court, from which order defendant prosecutes this appeal.

We think it clear that the warrant of attorney applied only to rent accruing within the term demised and not for use and occupation after the expiration of the term of the lease. *Weber v. Powers*, 213 Ill. 370, is on fact and principle decisive of such question. There the court said:

"The warrant of attorney contained in the lease did not in express terms confer any authority to enter up judgment for any rent accruing after April 30, 1902, when the term mentioned in the written lease expired. * * * It is the settled doctrine of this court that the authority to confess a judgment with-

out process must be clear and explicit, and must be strictly pursued; and .that, if there is no power to enter the appearance of the debtor and confess the judgment the said judgment is a nullity, and bound no one, and may be attacked collaterally for want of jurisdiction in the court to render it. * * * The warrant of attorney does not authorize the confession of judgment for rent, which may be due according to the terms of an oral demise, existing after the expiration of the written lease. * * * A power to confess judgment for the rent, due by the terms of the written lease, cannot be construed into a power to enter up judgment for rent accruing under an implied contract, resulting from the fact of a holding over by the tenant.''

In *Blake v. State Bank of Freeport*, 178 Ill. 182, it was held that: ''If a judgment so entered was not confessed by authority of the defendant it will be void for want of power to confess it, and a defendant who is injured by it may have it set aside upon motion.''

The affidavit supporting the motion stated facts which, with the copy of the lease filed by plaintiff with his narration and cognovit, conclusively proved that plaintiff had no authority to confess the judgment, and under the authority of *Weber v. Powers, supra,* the motion to vacate should have been allowed.

For the foregoing reasons the judgment of the municipal court is reversed and the cause is remanded to that court with directions to vacate the judgment by confession.

*Reversed and remanded with directions.*

Dever and McSurely, JJ., concur.