Selma Weiss, Plaintiff in Error, v. Vincent M. Danil-
czik, Defendant in Error.

Gen. No. 35,036.

Opinion filed October 9, 1931.

DOSLAND, CONNER & MAYFIELD, for plaintiff in error.

K. B. CZARNECKI, for defendant in error.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion
of the court.

On May 16, 1930, a judgment by confession for $140
was entered against the defendant, Danilczik, on a writ-
ten lease, dated April 28, 1927, by virtue of which
plaintiff, Selma Weiss, demised to defendant certain

premises to be occupied as a drug store at No. 1756 W. Division street, Chicago, for the term of three years, commencing May 1, 1927, and ending April 30, 1930. The stipulated rental for the third year of the lease is $115 per month, payable in advance. The judgment as confessed is made up of the sum of $115, for rent claimed to be due for the month of May, 1930, by reason of defendant holding over after the expiration of the term, and of the sum of $25, as reasonable attorney's fees. In addition to the usual paragraphs the lease contained a paragraph in part as follows:

"*Fifteenth.* If default be made in the payment of the rent hereinabove reserved, or of any installment thereof as herein provided, lessee does hereby irrevocably constitute any attorney of any court of record in this State attorney for him, and in his name, from time to time . . . to confess judgment in favor of lessor . . . and against lessee for the amount of rent which may then be due, by virtue of the terms hereof, or of any extensions or renewals hereof, *or by virtue of any holdover after the termination hereof,* and which may be in default, as aforesaid, together with the costs of such proceedings and a reasonable sum . . . for plaintiff's attorney's fees in or about the entry of said judgment, . . ."

In plaintiff's declaration, after setting forth the making of the lease, she alleged that defendant entered into possession of the premises and "was possessed thereof from May 1, 1927, and is still in possession thereof"; that on May 1, 1930, "the sum of $115, of the rent aforesaid, *for the holdover,* for the month of May as provided in said lease, became and was due and payable from defendant to plaintiff"; and that thereby defendant became liable to pay to plaintiff said sum, as rent, together with the further sum of $25 "to be allowed to plaintiff for reasonable attorney's fees as provided in said lease," etc.

Subsequently defendant appeared and moved that the judgment be vacated, etc. The motion was supported by his verified petition. On June 28, 1930, after a hearing on the petition, the court ordered that the judgment be opened and defendant be given leave to plead, the judgment to stand as security. Within apt time defendant filed a plea of the general issue and a verified special plea. In the last named plea, following substantially the allegations of said petition, defendant averred that "he did not hold over under said lease"; that "judgment could not be confessed upon an expired lease for a holding over, which required proof which could not be ascertained from an inspection of the records"; that "shortly before the expiration of said lease he informed plaintiff that he had already purchased his own building and did not desire to renew or extend the lease *except as a month to month tenant*, that his building would not be ready for occupancy by May 1, 1930, and that, if desired, he would remain as a tenant from month to month until his building was completed"; that at first plaintiff demurred, but finally, "when she saw that this defendant would not extend or renew the lease but would only remain as a month to month tenant at $115 per month," she consented, saying that "it was better than to have the place vacant"; that, accordingly, "on or about May 1, 1930, pursuant to such understanding and agreement . . . , defendant tendered to plaintiff the sum of $115, as rent for the month of May, 1930, and *demanded a receipt* showing that he was remaining as a month to month tenant, which plaintiff *refused to give*; and that defendant now "is ready and willing and now offers to pay into court the sum of $115, as rental for the month of May, 1930, already tendered, and also the rental for the month of June, 1930, $115."

On November 20, 1930, the cause came on for hearing before the court without a jury, at which defendant and

two witnesses for him, and plaintiff and one witness for her, testified. At the conclusion of the evidence the court ordered that the confessed judgment of May 16, 1930, for $140, be set aside and that ''judgment be rendered herein for the sum of $115 in favor of plaintiff and against defendant on defendant's special plea filed herein.'' To reverse this judgment *plaintiff* sued out the present writ of error.

On the trial it appeared from uncontradicted testimony that defendant did not move out of the premises on the day of the expiration of the lease (April 30, 1930); that he continued in the possession and occupancy of them for a period of six months thereafter, until October 31, 1930, when he vacated them; that all rents stipulated to be paid under the lease prior to April 30, 1930, were paid by defendant to plaintiff; but that he did not pay to plaintiff any moneys, as rent for the premises, for the month of May, 1930 (sued for) or for any of the succeeding five months.

Defendant did not sustain the burden cast upon him of showing by a preponderance of the evidence that at the expiration of the lease on April 30, 1930, he ''did not hold over,'' or that a verbal agreement was made between him and plaintiff that after said date he was to remain ''as a month to month tenant.'' While he gave certain testimony tending to show that some such agreement was made shortly prior to April 30, 1930, plaintiff's testimony is to the contrary. And it further appears from defendant's evidence that when, about May 6, 1930, upon plaintiff's demand for the May, 1930, rent, he tendered $115, in payment thereof but *on condition* that plaintiff sign a formal receipt, containing the statement that said payment was made ''for one month ending May 31, 1930, under month to month tenancy and not under lease,'' plaintiff refused to accept the money under such condition or to sign such a receipt. Plaintiff testified in substance that prior to the expiration of the written lease no definite arrange-

ment was made as to defendant's occupancy of the premises after said expiration; that about the middle of April, 1930, defendant called upon her and there was conversation "about a new lease"; that plaintiff finally offered to make a new three years' lease to defendant at a rental of $115 per month for the first year and $125 per month for the next two years; that defendant did not accept the offer but said "I guess, maybe, that will be all right; *I will see*"; and that at no time thereafter was any new lease signed or any extension of the old lease made. Defendant further testified in substance that on April 28, 1930 (two days before the expiration of the written lease), he purchased another building and property in the immediate vicinity at a judicial sale and made a deposit on the purchase; that he did not procure a deed for the building and property until May 19, 1930; that immediately following said purchase he, on the afternoon of April 28, 1930, called on plaintiff, informed her of his purchase and stated that he "was not going to renew any lease"; that the parties had a conversation about his remaining as plaintiff's tenant in the premises on a month to month basis until he could move; and that plaintiff did not then say that he "could stay as a month to month tenant, but that is what he *understood* it (the conversation) meant."

We think it clear from the evidence that defendant "held over," becoming after May 1, 1930, plaintiff's tenant of the premises for another year (viz., until April 30, 1931), and that plaintiff elected to treat him as such a tenant and not as a trespasser. This election is further evidenced by the commencement of the present action on May 16, 1930, and by the filing of her declaration containing averments substantially as above stated. In 1 Taylor's Landlord and Tenant, sec. 22 (cited with approval in *Clinton Wire Cloth Co. v. Gardner,* 99 Ill. 151, 159), it is said:

"A tenant for years, who holds over after the expiration of his term without paying rent or otherwise acknowledging a continuance of the tenancy, becomes either a trespasser or a tenant, at the option of the landlord. Very slight acts on the part of the landlord, or a short lapse of time, are sufficient to conclude his election and make the occupant his tenant. But the tenant has no such election; his mere continuance in possession fixes him as tenant for another year, if the landlord so elects, although the tenant has refused to renew the lease, and given notice that he has hired other premises."

In *Weber v. Powers,* 213 Ill. 370, 382, it is said:

"Where a tenant for a year or years holds over after the expiration of his lease, without having made any new arrangement with his landlord under which such holding over takes place, the landlord, at his election, may treat the tenant as a trespasser, or as a tenant for another year, upon the same terms as in the original lease, and this though the tenant has no intention of holding over for a year, or of paying the same rent. The law fixes the tenant's liability for holding over, independent of his intention. The legal presumption of a renewal from the holding over cannot be rebutted by proof of a contrary intention on the part of the tenant alone. (*Clinton Wire Cloth Co. v. Gardner,* 99 Ill. 151.) The right of election as to whether the tenant, remaining in possession after the expiration of the lease, is holding over upon the same terms as in the original lease is a right, which belongs to the landlord, and not to the tenant. It is the landlord alone, whose intention on the subject is to be ascertained, as it is he alone, who may elect to treat the tenant as holding over under the terms of the old lease. (*Keegan v. Kinnare,* 123 Ill. 280.)"

We find it difficult to perceive why *plaintiff* sued out the present writ of error, unless she thought she was entitled to the $25 attorney's fees included in the con-

fessed judgment of May 16, 1930. By the judgment as finally rendered by the court she recovered for the amount of the rent ($115) for the month of May, 1930, which she sued for on the theory that defendant was a hold-over tenant at her election. The present action being commenced on May 16, 1930, plaintiff could not therein recover any rents for succeeding months because said rents were not then due and payable.

Plaintiff here contends, among other contentions, that the trial court erred in not confirming the entry of the confessed judgment for $140, which included said attorney's fees. The contention presents the question, whether under the law, and giving consideration to the italicized clause of paragraph fifteenth of the written lease as above set forth, judgment for said May, 1930, rent (including reasonable attorney's fees) could be confessed. We are of the opinion that it could not. In *Weber v. Powers,* 213 Ill. 370, it is decided in substance that a power to confess judgment for rent accruing *during* the term of a written lease, to which it is attached, cannot be extended to the implied contract resulting from the tenant holding over, so as to authorize a confession of judgment for rent accruing *after* the term of said written lease under the implied contract. In said *Weber* case our Supreme Court said in part (pp. 381-2-3):

"The old, or written, lease is not the contract of the parties for a new term, but is only evidence to uphold the implied contract, resulting from the holding over of the tenant. . . .

"Parol evidence must be resorted to to show that, where the tenant remains in possession after the expiration of the written lease, he holds over under the terms of such lease. A power to confess judgment for the rent, due by the terms of the written lease, cannot be construed into a power to enter up judgment for rent accruing under an implied contract, resulting from the fact of a holding over by the tenant. In this case,

to give the warrant of attorney such a construction, would be in violation of the rule, that such warrants of attorney should be strictly construed.

". . . If it be a question of fact to be determined by the jury, under the instructions of the court, whether the holding over is such as to create a new tenancy, then such question of fact cannot be determined by a confession of it in a cognovit, and by a judgment of confession, entered in pursuance of such cognovit. So to hold would be to deprive the debtor of his right to a trial by jury. The debtor, in authorizing a confession of judgment against him for rent, due by the terms of a written lease which he has signed, cannot be thereby made to confess judgment in favor of a renewal of such lease, or in favor of a holding over under such lease. The fact of a renewal, or the fact of a holding over, is a fact *dehors* the written lease and the terms of the written power of attorney, contained in the lease."

While the confession of judgment clause (paragraph fifteenth as above set forth) of the lease now in question may be considered as being more comprehensive than the one in said *Weber* case (p. 381), we think that under the above holdings in that case the entry of the judgment by confession against defendant for $140 was without authority of law, and that the trial court did not err in setting aside said confessed judgment and in entering the judgment now in question for $115 against defendant.

No cross errors have here been assigned by defendant. Finding no reversible error in the present record, the judgment of the superior court, entered November 20, 1930, in favor of plaintiff and against defendant for $115, is, accordingly, affirmed.

*Affirmed.*

KERNER and SCANLAN, JJ., concur.