Everett R. McFadden and Edward J. McArdle, Trustees, Appellants, v. Frank B. Lewis and Rachel Lewis, Appellees.

Gen. No. 8,713.

Opinion filed January 19, 1934. Rehearing denied February 14, 1934.

EDWARD J. McARDLE, JR., for appellants; EDWARD J. McARDLE, of counsel.

OLSON, GURMAN & LINDSKOG and DAVID R. JOSLYN, JR., for appellees.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

Appellants' assignors, Joseph Joyce and Mary E. Joyce, entered into a written lease with the appellees for the premises known as the Shercomb Hotel in the City of Chicago. Said lease was for a term of 10 years, which ran from May 1, 1916 to the 30th day of April, 1926, with an option to the lessees to extend the term for an additional 10 years, at an increased rental. The lessees entered into possession under the lease

and held and possessed the premises continuously from May 1, 1916 to January 31, 1933, at which time the premises were surrendered to the appellants.

The lease provided that the lessees have the option to extend the lease for an additional 10 years on certain conditions. The important ones so far as this case is concerned are that the lessees exercise the option granted to them, by an instrument in writing, signed by them and delivered to the lessors six months before the expiration of the lease; that all rent be fully paid; that all of the covenants, conditions, terms, agreements and provisions of the original lease shall extend to the extended term, except as to the annual rent, which shall be $85,000 for the term, instead of $75,000 as in the original lease.

The appellants filed their declaration in the circuit court of McHenry county alleging that the lease was assigned to them and under the terms of the same there was due them the sum of $5,124.93, for unpaid rent from July 1, 1932 to January 1, 1933. A judgment by confession was entered in favor of the appellants for the sum of $5,144.93, being the amount they claimed due them for the extended period of the lease. In this amount is included a $20 attorney's fee for the plaintiff.

The defendants later appeared in court and entered their motion to set aside the judgment by confession, giving as reasons therefor stated that all rent accruing up to the 30th of April, 1926, had been paid; that under the lease notice to exercise the option to extend the same should be signed by each of the defendants, and that only Frank B. Lewis had signed the same; that the power of attorney to confess judgment only applies to the rent prior to April 30, 1926; that the alleged notice to extend the lease was not signed by Rachel Lewis, and that confession by judgment in the lease only authorizes a confession against the defendants jointly.

The case came on for a hearing. After arguments of counsel on the motion, the court held that the judgment by confession was entered without jurisdiction of the defendants and granted the motion to set aside the judgment, which was done. From this judgment in favor of the defendants, the plaintiff brings the case to this court on appeal.

It has been repeatedly held, both by our Supreme Court and Appellate Courts that "authority to confess a judgment without process must be clear and explicit, must be strictly pursued, and if there is no power to enter the debtor's appearance and confess judgment, the judgment is a nullity and may be collaterally attacked for want of jurisdiction." The power of attorney set forth in the written lease in this case is the only authority granted by which the appellants can take a judgment by confession. The power of attorney is as follows: "The party of the second part hereby irrevocably constitutes Edward J. McArdle or any attorney of any court of record in this State, attorney for them and in their names on default by them of any of the covenants herein for one month and upon complaint made by said first party, his agent, or assigns, and filed in any such court, to enter their appearance in such court, waive process and service thereof, and confess judgment from time to time, for any rent which may be due to said party of the first part or the assignees of said party, by the terms of this lease, etc."

The appellee relies upon the cases of *Weber v. Powers*, 213 Ill. 370; *Hymen v. Anschicks*, 270 Ill. App. 202; *Weiss v. Danilczik*, 262 Ill. App. 551, as supporting the contention that a lease for a definite term which provides for an extension of the same, a judgment by confession cannot be taken for the rent that accrues after the expiration of the original lease. The Hymen lease provides that the original term should be for one year and from year to year thereafter, un-

less the lease should be terminated by the lessor giving the lessee 60 days' notice in writing of his intention to terminate the lease. The power of attorney to confess judgment was for the amount of rent which might be due by virtue of the terms thereof or any extension of a renewed lease thereof, or by virtue of any holdover after the termination thereof, which may be in default as aforesaid.

In the case of *Weber v. Powers,* 213 Ill. 370, 373, the lease was for a period of 22 months, and before the expiration of this period the lease was renewed for a period of one year. The power of attorney given the lessor was as follows: "The party of the second part hereby irrevocably constitutes any attorney, of any court of record in this State, attorney in fact in his name, to enter appearance in such court, waive process and service thereof, and confess judgment from time to time for any rent which may be due said party of the first part, or the assignee of said party, by the terms of this lease, with costs, etc." It will be noticed that the power of attorney to confess judgment is practically the same in the *Weber* case as the case we are now considering. The court in passing upon this power of attorney said, "Certainly, the warrant of attorney, contained in the lease, did not in express terms confer any authority to enter up judgment for any rent accruing after April 30, 1902, when the term mentioned in the written lease expired."

In the *Weiss v. Danilczik* case, 262 Ill. App. 551, the parties had entered into a lease for three years, and there was a dispute between the parties as to the time to which the lease should be extended. The lessee continued in possession of the property after the term of the original lease. The lessor elected to treat the lessee as tenant from year to year. A dispute arose as to the rent and the lessor procured a judgment by confession for the rent of the premises that he claimed

was due after the term of the original lease had expired. The power of attorney in the lease provided that judgment could be entered by virtue of the terms of the lease, or any extensions or renewal thereof, or by virtue of any hold-over after the termination thereof.

The warrant of attorney in this lease does not authorize a confession of judgment for rent which may be due according to the terms of a renewed or extended lease existing after the expiration of the original lease. In order for the appellants to prove their case, resort must be had to evidence of some kind aside from the lease itself to prove their case since it presents a question of fact. In the case of *Weber v. Powers, supra,* the court says: ''If it be a question of fact to be determined by the jury, under the instructions of the court, whether the holding over is such as to create a new tenancy, then such question of fact cannot be determined by a confession of it in a cognovit, and by a judgment of confession, entered in pursuance of such cognovit. So to hold would be to deprive the debtor of his right to a trial by jury. The debtor, in authorizing a confession of judgment against him for rent, due by the terms of a written lease which he has signed, cannot be thereby made to confess judgment in favor of a renewal of such lease, or in favor of a holding over under such lease. The fact of a renewal, or the fact of a holding over, is a fact *dehors* the written lease and the terms of the written power of attorney, contained in the lease. A judgment by confession must be for a fixed and definite sum and not in confession of a fact that can only be established by testimony outside of the written documents, required by the statute to be filed in order to enter up a judgment by confession.''

It will be observed that the power of attorney in the case we are considering is not as broad as in other of

the Appellate Court cases cited. We have been unable to find any cases in this State that lay down a contrary doctrine to the cases to which we have referred in this opinion.

It is our opinion that the circuit court of McHenry county properly held that it did not have jurisdiction of the defendants in this case, and that the confession of judgment be held for naught. The judgment of said court should be and is hereby affirmed.

*Judgment affirmed.*