Hofstadter, J.
(dissenting). We are cautioned not to grant the “ drastic remedy ” of summary judgment when there is any doubt as to the existence of issues or where an issue is arguable (Sillman v. Twentieth Century-Fox, 3 N Y 2d 395, 404; Stone v. Goodson, 8 N Y 2d 8, 12-13). Such issues include the applicable foreign law (Werfel v. Zivnostenska Banka, 287 N. Y. 91, 93; Greiner v. Freund, 286 App. Div. 996; Schwartz v. Schwartz, 190 Misc. 757, 759-760).
The cognovit judgments were entered in the Municipal Court of Chicago, First District (Cook County), under section 50 of the Illinois Civil Practice Act. The applicable provisions of subdivision (4) read: “ (4) Any person for a debt bona fide due may confess judgment by himself or attorney duly authorized either in term time or vacation, without process * * * provided, that the application to confess judgment, whether made in term time or vacation, shall be made in the county in which the note or obligation was executed or in the county in which one or more of the defendants reside or in any county in which is located any property, real or personal, owned by any one or more of the defendants. A judgment entered by any court in any county other than those herein specified has no force or validity, anything 'in the power to confess to the contrary notwithstanding.” (Emphasis supplied.)
The “ statement of claim ” under which each judgment was entered alleged that defendant then resided or was carrying on business in Cook County.
The lease between the parties dated January 30, 1961 does not show where it was executed by defendant. Plaintiff’s notices under the lease, asserting that defendant was in default under the lease, were sent to defendant in New York. The record is replete with evidence that defendant resided in New York when the confessions of judgment were filed and that he was not doing business in Cook County at that time. It would thus appear that the jurisdictional allegations in the statements of claim to the contrary were inaccurate.
The statements of claim were made by counsel for plaintiff in 1963; and the attached cognovit was signed by a lawyer chosen by plaintiff. Plaintiff’s agent who verified the statements of claim and made the moving affidavit in the court below had not subscribed the lease for plaintiff. He did not say, in his moving affidavit, where the lease was executed or even that he was present when it was signed by either party.
The Illinois law is that if a confession of judgment is entered without authority of the defendant (Hutson v. Wood, 263 Ill. 376; Genden v. Bailen, 275 Ill. App. 382), or without jurisdie *967 tion of his person (Green v. Walsh, 5 Ill. App. 2d 535; Wlodek v. Sedlacek, 30 Ill. App. 2d 351), or is fraudulently obtained (Mount v. Scholes, 120 Ill. 394), or extends beyond the warrant (Webster Grocer Co. v. Gammel, 285 Ill. App. 277), it is void (not voidable) (Houston v. Ingels, 318 Ill. App. 383). This includes a judgment improperly entered against a nonresident (Green v. Unity Container Corp., 7 Ill. App. 2d 215; see, also, Rixmann v. Witwer, 327 Ill. App. 205; Liberty Nat. Bank v. Vance, 3 Ill. App. 2d 1). In these instances, it may be collaterally attacked even under Illinois law (Weber v. Powers, 213 Ill. 370; O’Toole v. Helio Prods., 17 Ill. App. 2d 82; McFadden v. Lewis, 273 Ill. App. 343).
Litigating these issues in the court below would thus not be violative of the full faith and credit clause of the United States Constitution. Nor does CPLB 4511 compel our determination of the Illinois law — or its application to the facts here — on this motion for summary judgment.
In my judgment, the opposing papers showed sufficient to indicate that the Illinois judgments may be void for lack of jurisdiction. If this be so, they may be collaterally attacked in New York and plaintiff’s motion for summary judgment was properly denied. I, therefore, dissent and vote to affirm.
Tilzer and Hecht, JJ., concur in Per Curiam opinion; Hofstadter, J., dissents in memorandum.
Order reversed, with $10 costs and motion granted.