EDWIN K. LESTER *et al.*, Appellants, *v.* HERRICK STEVENS *et al.*, Appellees.

APPEAL FROM OGLE.

Where there are four defendants, and a plea to the jurisdiction alleges that only two of them are residents of the county where the proceedings were had, without stating the residence of the other two, it is a bad plea.

Such a plea, averring that two is a major part of four, does not conclusively establish that fact.

A bill which is not to stay proceedings at law, but looks to other relief, the stay of proceedings being auxiliary only to the other relief sought, may be filed elsewhere than in the county where the judgment was had.

A demurrer should not be filed to a defective plea to the jurisdiction; the proper practice is to set down the plea for hearing, when its sufficiency will be considered.

THIS was a bill in chancery, filed by appellants against appellees. The statements of the bill are as follows: That Lester, being pressed for money, and being desirous to negotiate a loan, entered into a corrupt and usurious agreement with defendant Stevens, who is now and was then a resident of Chicago, and it was then usuriously, corruptly, and against the form of the statute, agreed between said Lester and Stevens, that Stevens should lend to Lester $2,000; that Lester should pay therefor twenty per cent. per annum, and should pay the expenses of an agent to be sent to Ogle county, to investigate the title to the property offered as security; and in pursuance of the arrangement between them, Lester gave his note to Stevens for $2,200, and received a loan of $1,890, less the expenses of the agent aforesaid; and that the balance of the note was usurious interest, and that the said Stevens did retain a greater rate of interest than was agreed upon, to wit, twenty-eight per cent.; that Lester has paid on said note, May 2, 1856, $110; Nov. 2, 1856, $330; May 2, 1857, $110; Nov. 2, 1857, $330.

November 2, 1858, it was agreed between Stevens and Lester that the amount due on the note of $2,200 should be computed with semi-annual interest at ten per cent., and with the agent's commission, should amount to three thousand dol-

lars, and thereupon the said Stevens computed the amount as follows:

| | |
|---|---:|
| Original note, | $2,200.00 |
| Six months' interest to Nov. 2, 1858, unpaid, | 110.00 |
| Interest on the $110, at twenty per cent., from May 1 to Nov. 1, 1858, | 11.00 |
| Money received from Stevens, less agent's commission of $31, | 250.00 |
| To the above amount was added ten per cent., | 257.00 |
| And six months' interest paid in advance, | 141.00 |
| | $3,000.00 |

For the loan of $1,890, for the period of three years, Lester paid $880, and at the end of said period, with the additional loan of $281, he was in debt to Stevens $3,000, making a rate of interest of over thirty per cent. per annum.

November 2, 1858, in order to carry out the last corrupt and usurious agreement, Lester gave Stevens his note for $3,000; the note was made payable to Jacob P. Willard, which fact Lester did not know until after the execution and delivery of the note. Willard never had any interest in said note. The whole consideration moved from Stevens, who inserted the name of Willard in the note, without calling the attention of Lester to the fact, for the purpose of preventing Lester interposing any legal defense to the note.

On the same day, Lester executed and delivered to Stevens a trust deed, upon the west half of the south-east quarter of Section 31, Township 42, Range 10 east of the third principal meridian, to secure the payment of the $3,000 note. Said trust deed ran to one Myron L. Pearce, of Chicago, and contained a power of sale, in case default was made in the payment of the note. May 2, 1859, Lester paid Stevens on the note, $150, and November 4, 1859, $450.

Lester has paid Stevens, $1,480, to apply on the original loan of $1,890, and the whole amount of principal unpaid is $660.

February 1, 1860, Lester sold the premises aforesaid to H. A. Mix.

Stevens claims that there is due on the note, $3,500, and threatens to sell the premises to pay the same.

Stevens, combining and confederating with Willard and Pearce, threatened to sell the premises under the power contained in the trust deed.

Prayer for injunction and account.

There was an amended bill filed, which states, in addition, that they have discovered, since the filing of the original bill, that Stevens sold the land mentioned in the trust deed, on the 4th day of February, A. D. 1861, and that Pearce, the trustee, has executed and delivered to Stevens a deed of the land, for the sum of $2,000; that after the making of the said $3,000 note, Willard indorsed the same to Stevens, who was always the owner of it in equity; that no notice of the intended sale ever came to the knowledge of the defendants; that the $3,000 note was a judgment note, and after the sale of the lands at June term, A. D. 1861, of the Cook Circuit Court, Stevens caused a judgment to be entered on said note, for $1,450.93—the balance he claimed to be due after the sale; that he caused an execution to be issued on the judgment, and sent the same to the sheriff of Ogle county, who threatened to levy the same on the property of Lester. Bill charges full knowledge on the part of Stevens, at the time he received the deed of the land from Pearce.

Prayer for an account, and that upon the payment of the sum actually due to Stevens, the deed from Pearce to Stevens be set aside, and the collection of the judgment perpetually enjoined.

At the November term of the Ogle Circuit Court, defendants filed the following plea:

These defendants, by protestation, not confessing or acknowledging all or any of the matters and things in said complainant's bill of complaint contained, to be true in matter and form as the same are therein set forth and alleged, in their own proper persons come and say that this court ought not to have or take further cognizance of the bill in this case, because they say that before and at the time of the commencement of this suit, the said Jacob P. Willard and Myron L.

Pearce, the major part of said defendants, were and ever since have been, and still are, residents of Chicago, in the county of Cook and State of Illinois, and have not resided in said county of Ogle ; and that neither the said Jacob P. Willard, nor the said Myron L. Pearce, nor the said Herrick Stevens, have been found in the said county of Ogle, or served within said action therein. And the said defendants further say, that said suit does not affect real estate in said county of Ogle, and that the execution in the hands of the said John A. Hughes, sheriff, the collection of which the said complainants through their said bill have prayed might be restrained by injunction, was issued on a judgment rendered by the Circuit Court of Cook county ; and that the judgment, the collection of which the complainants in their said bill have prayed might be restrained by injunction, was also rendered in the Circuit Court of Cook county. And that said bill, being in effect to stay proceedings at law in Cook county, should have been filed in the office of the Circuit Court of the said county of Cook, the record of the proceedings on said judgment being in that office.

And the said defendants further say, that there is a Circuit Court of said Cook county within and for said county of Cook, which has jurisdiction of the persons of the said Jacob P. Willard, Myron L. Pearce and Herrick Stevens, defendants, and which may lawfully have and take cognizance of said supposed causes set forth and stated in said bill of complaint.

Therefore these defendants aver and plead said matter to the jurisdiction of this court in this case, and pray the judgment of this honorable court whether they should be compelled to make any further answer to the said bill, and pray to be hence dismissed with their reasonable costs and charges in this behalf most wrongfully sustained.

Hughes files a similar plea.

A demurrer to the first plea was filed and overruled ; whereupon judgment was rendered that the suit abate, and for costs.

The errors assigned, are, that the court erred in the overruling demurrer to the plea; and the court erred in rendering the decree aforesaid, in manner and form aforesaid.

GLOVER, COOK & CAMPBELL, for Appellants.

The plea was not good, for, aside from the conclusions alleged in it, it did not aver sufficient facts to oust the court of its jurisdiction.

There were four defendants, and the plea only alleged that the residence of two of them was in the county of Cook, without attempting in any way to state the residence of the other two.

Now, although the plea alleged that these two were the major part of the defendants, the court below could and must have determined from the record that the conclusion thus stated was not a fact.

There is one fatal defect in the plea. There is no averment in it that the bill was not a bill of injunction to stay proceedings at law, the record of which was in said county of Ogle.

This fact should have been expressly negatived by the averments in the plea, for if this state of facts existed, the court had jurisdiction.

And the doctrine on this point is well settled, that in courts of general jurisdiction, the presumption is in favor of their jurisdiction, unless the contrary expressly appear. *Vance* v. *Funk*, 2 Scam. 263; *Beaubien* v. *Brinkerhoff*, 2 Scam. 272; *Propst* v. *Meadows*, 13 Ill. 168; *Kenney* v. *Greer*, 13 Ill. 432; *Gillilan* v. *Gray*, 14 Ill. 416.

STARK & ISHAM, for Appellees.

The purpose of the suit is not to affect real estate. The object and purpose of the bill is to act upon the defendants; to enjoin them from selling the land; to compel them to account; for a perpetual injunction to declare a deed null and void; to compel the defendants to quit-claim a piece of land; to enjoin the defendants from taking any method to obtain the possession of the land. The meaning of the word "affect," as used in this statute, has been correctly and clearly defined by this court in the case of *Enos et al.* v. *Hunter*. It means "to act upon," as in cases of "partition," "admeasurement of dower," "foreclosure of mortgage," or to enforce a "mechan-

ics' lien," and applies only to cases where the decree of the court acts upon the land. In this case, if the prayer of the bill is granted, it is on the ground that it acts upon the parties, and compels them to act or refrain from acting. 2 Story's Eq. Jur., secs. 743, 899 and 900; *Penn* v. *Lord Baltimore,* 1 Vesey, 144; *Enos et al.* v. *Hunter,* 4 Gilm. 217.

The execution was issued on a judgment, rendered in Cook; the plea avers this fact, and that the record of the proceedings is there. The demurrer admits the existence of these facts; they are also stated in the bill; the statute is express on this point; the bill to stay the execution or judgment should have been filed with the clerk of the Cook Circuit Court.

The plea avers that the Circuit Court for Cook county has jurisdiction of the persons of the defendants, and may take cognizance of the causes of complaint set forth and stated in said bill.

CATON, C. J. At the time this plea to the jurisdiction of the court was filed, there were four defendants, one of whom, the sheriff of Ogle, had been brought in and made a party by the amended bill. The plea avers, that Willard and Pearce, "the major part of said defendants," reside in Cook county. The averment that two is the major part of four, does not make it so; nor does the setting of a plea for hearing, admit that which cannot be true. Now, our statute says, that the suit shall be commenced in the county where the defendants, or a major part of them, reside; this, if it were possible to raise the question, would put beyond the jurisdiction of any court a vast number of suits where there are several defendants, for it is very common that a major part of the defendants do not reside in any one county; and but for the rule that every plea to the jurisdiction must give a better writ, and show affirmatively that some other court can take jurisdiction, there would be a failure of justice in such cases. In order to make this plea good, we must find in it the facts which would give some other court jurisdiction. We only learn from the plea, that two of the four defendants reside in Cook county.

This is not sufficient to give that court jurisdiction under the statute, any more than the residence of the other two in Ogle, would give that court jurisdiction. It gives the party no better writ, and he may stay where he is, till he is shown a better one.

The next objection is, that this is a bill to restrain the collection of a judgment rendered in the Circuit Court of Cook county. If this were the primary object of the bill, it would undoubtedly be fatal to the jurisdiction of the court, but it is not so where the principal object of the bill is for other relief, and the stay of the collection of the judgment is incidental or auxiliary, and for the purpose of making the relief complete for which the bill is filed; and for the purpose of determining these questions, even on such a plea as this, we must look into the bill itself. If the plea avers that there are but three defendants, or that two is a major part of the defendants, which is the same thing in substance, that averment in the plea cannot avail against the fact that there is on the face of the bill manifestly four defendants; and so when we can see that the principal objects of the bill are other than the stay of the execution, and that that is but the incident, the averment of the plea to the contrary cannot avail.

Here, the principal objects of the bill are, to be relieved from a mortgage or trust deed, and a sale made under it on account of usury; and the stay of the execution in the hands of one of the defendants, is introduced as incidental to that main object. Whether, in the attainment of that main object, the complainants can obtain relief from that judgment, is not before us on this plea. The bill may be obnoxious to a demurrer for multifariousness, or for want of equity, or for any other cause, without affecting this question, which is one of jurisdiction only.

We think the plea was insufficient to oust the court of its jurisdiction, and that it should not have been sustained. We have treated what the party calls a demurrer to the plea as simply setting the plea down for hearing, which is the proper mode of raising the question of the sufficiency of a plea to bill in chancery, because the court below so treated it. The

court would have been justified in disregarding the paper called a demurrer, as inappropriate to such a pleading.

The decree is reversed, and the suit remanded.

*Decree reversed.*