Albert Reinhardt and Leonhard Jay, Complainants, v. Martin Matheson et al., Defendants.
Chicago Title & Trust Company, Trustees, Cross-complainant and Appellee, v. Albert Reinhardt and Leonhard Jay, Cross-defendants and Appellants.

Gen. No. 33,301.

Opinion filed May 31, 1929.

EDWARD J. KELLEY, for appellants.

LYLE L. RICHMOND and FREDERICK W. JANSON, for appellee.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

This is an appeal from a decree of the superior court of Cook county, entered May 4, 1928, wherein the court

overruled complainants' (cross-defendants') demurrer to the amended cross-bill of the Chicago Title & Trust Company, trustee, and, upon their election to stand by their demurrer, ordered that the cross-bill (as further then amended by striking out certain words from its prayer) be taken as confessed; and further ordered that said complainants and cross-defendants "be and they are hereby directed to file their affidavit or other instrument in writing, renouncing and disclaiming any and all interest or claim of interest by themselves, their heirs, administrators, executors and assigns, in and to" certain real estate in DuPage county, Illinois (describing it); and that, "upon their failure so to do within 30 days, that Wirt E. Humphrey, a master in chancery of this court, prepare and file of record in said DuPage county an affidavit or instrument in writing, to the end (effect) that this court, having jurisdiction of said Reinhardt and Jay, has ordered, and decreed that the affidavit of Edward J. Kelley, recorded on August 2, 1927, . . . in the office of the recorder of deeds of DuPage county, *be decreed a cloud upon the title* of Chicago Title & Trust Company, . . . and that said Reinhardt and Jay have no right, title, interest or claim, nor have any person or persons under them, in or to said real estate or any part thereof, under or by virtue of the said writing mentioned in said affidavit of Edward J. Kelley."

The appeal was first taken to the Supreme Court but on December 20, 1928, the cause was transferred to this Appellate Court as "no freehold is involved." (*Reinhardt v. Matheson,* 333 Ill. 56, 57.)

Complainants' amended bill was filed on January 19, 1928, against Martin Matheson, J. B. Cook, Cook and Matheson, managers of the Medinah Highlands, of which Chicago Title & Trust Company is trustee (hereinafter called the Trust Co.), and said Trust Co., as trustee. It is alleged in substance that on February 21,

1927, Cook and Matheson, as such managers, etc., entered into a written contract whereby they, for a total consideration of $27,000 to be paid by Reinhardt, agreed to cause the title to said real estate to be conveyed by the Trust Co. to Reinhardt; that part of the purchase price had been paid to Cook and Matheson; that on June 2, 1927, Reinhardt had assigned with their consent all his right, title and interest in the contract to Jay; and that the execution of the contract by Reinhardt, the payments made thereon, and the assignment of Reinhardt's interest therein to Jay, had all been brought about by certain false and fraudulent representations made by Cook and Matheson, which were not known to be false and fraudulent when the contract was signed, the payments made, or the assignment executed. The prayer of the bill is that the contract of February 21, 1927, "be cancelled and held for naught," and that Cook and Matheson be required to return all moneys and certain notes received, etc. Answers were filed to the bill.

On April 3, 1928, the Trust Co., by leave of court, filed an amended cross-bill in which it alleged that on February 27, 1925, by a certain deed in trust delivered to it, it became vested with the legal title to said real estate, "in trust, nevertheless, to pay the proceeds of rentals or sales of the premises to certain beneficiaries named in a certain trust agreement, dated February 27, 1925, and known as trust number 14449, or as they might direct"; and that "it still retains its said title." The contract of February 21, 1927, between Cook and Matheson and Reinhardt, as well as Reinhardt's assignment to Jay, are set out in full. It is then alleged that by the terms of the contract it was provided that, in case of the failure of the purchaser (Reinhardt) to make any of the payments as provided, the contract should at the option of Cook and Matheson be determined and canceled, in which case all payments should

be retained by them as liquidated damages; that $500, due under the contract on August 1, 1927, had not been paid, and that on October 7, 1927, they had "elected and declared said contract determined and cancelled and the right, title and interest of said Reinhardt and Jay forfeited and terminated," and the same have "ceased and terminated."

It is further alleged that on August 2, 1927, Reinhardt and Jay caused to be filed of record in the office of the recorder of deeds of DuPage county, by their solicitor, Edward J. Kelley, an affidavit wherein it is stated that Reinhardt on February 21, 1927, signed a contract with said Cook and Matheson for the purchase of said real estate in DuPage county, that the contract had been assigned to Jay, and that "Reinhardt and Jay were about to commence proceedings to rescind and cancel said contract."

It is further alleged that in the contract it was expressly covenanted that it "shall not be recorded, and, if recorded, shall become void"; and that the recording of the Kelley affidavit constituted a violation of the spirit and intention of the contract and a wilful and *mala fide* attempt on the part of Reinhardt and Jay to injure cross-complainant and cloud its title to the real estate.

The prayer of the cross-bill was that the affidavit "be declared null and void, *expunged from the records,* and caused to be removed as a cloud upon the title"; that Reinhardt and Jay be ordered to file of record in DuPage county their affidavit or instrument in writing, renouncing and disclaiming any and all claim of interest in the premises, and that, upon their failure so to do, the court direct a master in chancery to prepare and there file of record an appropriate instrument to that effect, etc.

Reinhardt and Jay filed a demurrer to this cross-bill, showing as cause for demurrer that no proper case is

stated therein as entitles the Trust Co. to the relief prayed, because (a) the real estate to be affected is not located in Cook county; (b) the cross-bill is not germane to the original bill; (c) the Trust Co. does not offer to do equity; and (d) all proper relief to it can be granted under the original bill, and a cross-bill is unnecessary.

After a hearing upon the demurrer the court ordered that it be overruled, *except* that it be sustained as to that portion of the prayer of the cross-bill wherein it is prayed that the Kelley affidavit be ''expunged from the records'' of DuPage county. Thereupon leave was given to the Trust Co. to strike those words from the prayer and the same were stricken. Thereupon the court overruled the demurrer to the cross-bill, as thus amended, and (Reinhardt and Jay electing to stand by their demurrer) entered the decree as first above mentioned.

We are of the opinion that the demurrer to the amended cross-bill, as amended, should have been sustained.

In the first place we do not think that the court had jurisdiction to grant the relief as prayed in the cross-bill, because the premises to be affected were outside of Cook county and in DuPage county. The Trust Co. asked that the Kelley affidavit ''be declared null and void, expunged from the records, and cause to be removed as a cloud'' upon the Trust Co.'s title to the premises. The court, upon the hearing on the demurrer, evidently treated the affidavit as such a cloud, and, while the court refused to order that it be ''expunged from the records,'' it did order, after overruling the demurrer, that Reinhardt and Jay file an instrument in writing in DuPage county disclaiming all interest in the land, and that, in case of their failure so to do, a master in chancery there file an instrument showing that a *Cook county* court had decreed that the Kelley affidavit was a cloud upon the Trust Co.'s title

and that Reinhardt and Jay had no right, title, interest or claim to the premises nor did anyone under them. This order or decree attempted to do by an indirect method what under the law, as we understand it, could not be done directly by a *Cook county* court. It purported on its face to affect the Trust Co.'s title to premises lying in DuPage county. In *Hayes v. O'Brien,* 149 Ill. 403, 410, it is said: ''Where the relief sought does not require the court to deal directly with the estate itself, the proceeding does not affect real estate, within the meaning of the third section of the Chancery Act, and the court having the parties in interest all before it, may proceed, although the land to which the controversy relates may lie without the jurisdiction of the court.'' In *Bevans v. Murray,* 251 Ill. 603, 623, it is said: ''When it is necessary, to accomplish justice between the parties, to act directly upon the property itself, it is indispensable that the real estate to be affected must be within the territorial jurisdiction of the court.'' And in the dissenting opinion of three justices in said *Bevans* case it is said (p. 628): ''The decree is not a mere personal decree, but purports to affect directly the title to the land itself.''

And we are of the opinion that the overruling of the demurrer to the cross-bill was erroneous for another reason, viz., because the allegations of the cross-bill do not disclose that said affidavit is a cloud upon the Trust Co.'s title. In *Petty v. Beers,* 224 Ill. 129, 130, it is said: ''A cloud exists only where a claim of title or encumbrance appears to be valid upon the face of the instrument creating it.'' In the cross-bill, after setting forth the contract of February 21, 1927, relating to the premises in DuPage county, the Trust Co. alleged that the contract had been ''determined and cancelled'' and that the rights of the purchaser (Reinhardt), and of his assignee (Jay), have ''ceased and terminated.'' There is no allegation that the contract

was recorded in DuPage county, but it is alleged that on August 2, 1927, Reinhardt and Jay caused to be there filed of record, by their solicitor, Kelley, an affidavit, setting forth the fact of the making of said contract, between Cook and Matheson and Reinhardt (afterwards assigned to Jay) for the purchase from Cook and Matheson of the real estate in question, and alleging that Reinhardt and Jay "were about to commence proceedings *to rescind and cancel said contract.*" It therefore appears from the allegations of the cross-bill that neither Reinhardt nor Jay had any valid outstanding claim of title to the real estate, and further that neither of them claimed that they had any claim of title.

These holdings render unnecessary any discussion of the other points, raised by the demurrer and here argued by opposing counsel.

For the reasons indicated the decree appealed from is reversed and the cause is remanded to the superior court with directions to sustain the demurrer of Reinhardt and Jay to the amended cross-bill, as amended, of the Chicago Title & Trust Company, as trustee.

*Reversed and remanded with directions.*

SCANLAN and BARNES, JJ., concur.