M. C. Hughes, Appellee, v. First Acceptance Corporation and Ernest L. Fleming, Appellants.

Gen. No. 8,488.

Heard in this court at the October term, 1930. Opinion filed January 26, 1931.

ARTHUR W. COPPIN and JAMES I. WALSH, for appellants; GEORGE F. BRECHER, of counsel.

RIDGELY & RIDGELY, for appellee.

MR. PRESIDING JUSTICE SHURTLEFF delivered the opinion of the court.

The appellants in this case obtained judgment by confession in the circuit court of Cook county, Illinois,

on May 3, 1927, against appellee. Later a transcript of this judgment·was filed in the office of the circuit clerk of Tazewell county, and about a year afterwards an execution was issued on the transcript by the clerk of the Tazewell county circuit court to the sheriff of that county, and a levy was made on part of the real estate owned by appellee.

When this was done appellee filed the bill in this case in the circuit court of Tazewell county, setting out the foregoing facts and alleging further that at the time judgment was taken in the circuit court of Cook county that he was not indebted to appellant on the note upon which judgment had been entered and that the same had been paid in full; that the so-called power of attorney under which said judgment was obtained was void and of no effect; that appellee had no notice of the entry of said judgment until after same was taken; that appellee is the owner of certain lands in Tazewell county, and that the transcript of said judgment is a cloud upon the title to said lands.

Appellee further alleged that upon information and belief the sheriff was about to sell the real estate levied upon by him, and that unless restrained by writ of injunction the sheriff would advertise and sell said real estate.

Upon this bill being presented the writ of injunction issued as prayed in the bill. A motion to dissolve the injunction was filed on August 2, 1928, and later heard and overruled on November 3, 1928.

Appellant then filed a general demurrer to the bill on November 3, 1928, which, after an amendment to the bill was filed, was extended to the bill as amended. A hearing was had upon the demurrer and overruled and upon appellant electing to abide by its demurrer to the amended bill, a decree was entered in accordance with the prayer of the bill of complaint.

It is contended by appellants that the judgment, having been entered in the circuit court of Cook county,

the injunction must be obtained in the court and county where the judgment was entered. Cahill's St. ch. 69, ¶ 4. In this case the demurrer admits the allegations in the bill that are well pleaded, and it is alleged that the debt upon which the judgment was entered had been fully paid prior to the entry of judgment, and that the power in the note to confess judgment was void. Authority to confess judgment without process must be clear and explicit and must be strictly pursued, and if there is no power to enter the debtor's appearance and confess judgment the judgment is a nullity and may be collaterally attacked for want of jurisdiction. (*Weber v. Powers,* 213 Ill. 370; *Keen v. Bump,* 286 Ill. 11; *Whitney v. Bohlen,* 157 Ill. 571; *Tucker v. Gill,* 61 Ill. 236; *Chase v. Dana,* 44 Ill. 262; *Frye v. Jones,* 78 Ill. 627.) Under the allegations in the bill, the debt having been paid, the entry of the judgment by appellant, upon confession, was a fraud upon the rights of appellee and done to give the court a colorable jurisdiction over the person of appellee and the judgment may be attacked in a separate and independent proceeding. (*Burton v. Perry,* 146 Ill. 76, 101; *Caswell v. Caswell,* 120 Ill. 377, 384.)

In *Burton v. Perry, supra,* the court said: "But if it were true, that Cook was guilty of the fraud charged against him, it was not such a fraud as goes to the jurisdiction of the court rendering the decree of 1870, and, therefore, is unavailable in a collateral attack upon the proceeding of 1869, as against innocent purchasers from the grantee in the master's deed. There are two kinds of fraud as applied to this subject—fraud in obtaining a decree by false evidence, and fraud which gives a court colorable jurisdiction over the defendant's person. In case of a fraud of the former kind, a decree cannot be impeached in a separate and independent proceeding, though it is otherwise in the case of a fraud of the latter kind. (*Caswell v. Caswell,* 120 Ill. 377)."

The maxim that fraud vitiates every transaction into which it enters applies to judgments as well as to contracts and other transactions, and a court of equity has power to grant relief against judgments and decrees obtained by fraud where the complainant has had no opportunity to defend and is without fault on his part. (*Moore v. Sievers,* 336 Ill. 316; *Farwell v. Great Western Tel. Co.,* 161 Ill. 522; *Wing v. Little,* 267 Ill. 20.) In *Moore v. Sievers, supra,* the court held: "The maxim that fraud vitiates every transaction into which it enters applies to judgments as well as to contracts and other transactions. A court of equity has always the power to grant relief against judgments and decrees obtained by fraud, and this power will be exercised to prevent the enforcement of a judgment or decree which is against conscience, or where a party had no opportunity to defend, or was prevented by accident or the fraud or improper management of the opposite party and is without fault on his part. (*Farwell v. Great Western Telegraph Co.,* 161 Ill. 522; *Elting v. First Nat. Bank,* 173 id. 368; *Atlas Nat. Bank v. More,* 152 id. 528; *Wing v. Little,* 267 id. 20.) In *Johnson v. Waters,* 111 U. S. 640, it was said: 'The most solemn transactions and judgments may at the instance of the parties be set aside or rendered inoperative for fraud. The fact of being a party does not estop a person from obtaining in a court of equity relief against fraud. The court of chancery is always open to hear complaints against it, whether committed *in pais* or in or by means of judicial proceedings. In such cases the court does not act as a court of review, nor does it inquire into any irregularities or errors of proceeding in another court but it will scrutinize the conduct of the parties, and if it finds that they have been guilty of fraud in obtaining a judgment or decree it will deprive them of the benefit of it and of any inequitable advantage which they have derived under it.' "

A bill which is not to stay proceedings at law, but looks to other relief, the stay of proceedings being ancillary only to the other relief sought, may be filed elsewhere than in the county where the judgment was had. (*Lester v. Stevens,* 29 Ill. 155; *Hayes v. O'Brien,* 149 Ill. 403, 410.)

In the last case the court held: "It is also objected that the court was without jurisdiction to restrain the proceeding at law pending in Lake county. Section 3 of the Chancery act provides: 'Bills for injunction to stay proceedings at law shall be brought in the county in which the proceedings at law are had.' Unquestionably, if this was a bill to enjoin proceedings at law, simply, it could be brought only in Lake county. But such is not the primary object of the bill, that being, to compel specific performance of the contract for the sale and conveyance of the land. It is apparent that, it having been alleged in the bill Thompson had conveyed the land to O'Brien, complete relief could not have been afforded without making O'Brien a party defendant. He being a necessary party to the bill, therefore, and residing in Cook county, the bill might properly be brought in that county (Rev. Stat. sec. 3, chap. 22), and the other defendants brought in by summons in that proceeding. The court having jurisdiction of the main purposes of the bill, would have the right to grant such ancillary or incidental relief as would be necessary to make the relief sought complete. *Lester v. Stevens,* 29 Ill. 155; *Baker v. Rockabrand, supra; Winston v. Midlothian Mining Co.,* 20 Gratt. 286; *Moler v. Bailey,* 21 Gratt. 521. " If the suit may affect real estate it is to be brought in the county where the same or some part thereof is situated. (Cahill's St. ch. 22, ¶ 3; *Bevans v. Murray,* 251 Ill. 603; *Reinhardt v. Matheson,* 253 Ill. App. 390.)

The main purpose of the bill was to prevent a sheriff's sale and conveyance, thereby clouding the title of the lands owned by appellee in Tazewell

county. One of the appellants resided in Tazewell county where the lands were situated. The court, having taken jurisdiction of the cause for one purpose, would retain jurisdiction to do complete justice between the parties.

Appellants assign error that the bill was not sworn to positively and that a temporary injunction should not have issued. If the only matter before this court were the issuing of a temporary injunction, there would be some merit to the contention. Appellant having admitted the matters set out in the bill and the cause having gone to a decree by which it was determined that appellee was entitled to a temporary injunction, the assignment of error affords no ground upon which the decree can be reversed.

Finding no error in the record, the decree of the circuit court of Tazewell county is affirmed.

*Affirmed.*