Michael J. Chambers, Appellant, v. City of Chicago et al., Appellees.

Gen. No. 36,349.

Opinion filed April 10, 1933.

SAMUEL KART and CROW & LOEFF, for appellant.

WILLIAM H. SEXTON, Corporation Counsel, and FRANCIS J. VURPILLAT, Assistant Corporation Counsel, for appellees.

MR. JUSTICE MATCHETT delivered the opinion of the court.

This is an appeal by Chambers (who was the petitioner in the trial court) from a decree which adjudged

that a former decree recovered by him in the character of a taxpayer was void for the reason that a court of equity was without jurisdiction of the subject matter; that the separate pleas of respondents to the jurisdiction should be sustained; that a rule to show cause why respondents should not be punished for disobeying the former decree should be dismissed, and that respondents should recover their costs against the petitioner.

October 25, 1928, Chambers, as resident and taxpayer, filed his bill in equity, in behalf of himself and others, against the City of Chicago, a municipal corporation, George K. Schmidt, as comptroller of the city, Thomas J. Houston, Archibald J. Carey and Edward J. Denemark, as the then civil service commissioners, and Richard W. Wolfe as commissioner of public works of the city. The bill averred that Wolfe as commissioner of public works was illegally employing non-civil service temporary appointees under the title of laborers, in violation of the civil service law which provided that only civil service employees should be employed in that capacity. It set up that a large number of civil service laborers were being kept out of employment and prayed an injunction restraining the employment of temporary appointees and for other and further relief.

A general demurrer was filed by the then defendants which was sustained, whereupon the petitioner by leave filed an amendment setting up further alleged facts as to the employment of non-civil service appointees in the position of laborers and in particular setting up the names of the civil service laborers who were then unemployed and the temporaries employed illegally as alleged. The amendment to the bill prayed substantially the same relief as the original bill and for general relief.

The record does not disclose that any answer was filed but on November 8, 1928, a final decree was entered in the matter (as the present decree finds) by consent of the attorneys for the parties to the cause.

This former decree states: ''This cause is now submitted to the court for hearing upon the bill for permanent injunction as in said bill prayed. The chancellor, after the hearing of the cause and the argument of counsel, and after being fully advised does now find for said petitioner, Michael J. Chambers, and against the respondents above named, that said petitioner is entitled to a part of the relief in said bill prayed, that is that the City of Chicago, a municipal corporation, George K. Schmidt, as City Comptroller, Richard W. Wolfe, as Commissioner of Public Works, and Thomas J. Houston, Archibald J. Carey and Edward J. Denemark, as Civil Service Commissioners, that each and all said respondents should be enjoined and restrained from further employing or continuing in their employment, any person or persons who have not complied with the Civil Service laws and with the Civil Service rules of the City of Chicago with respect to examination and the certification for employment in the classified Civil Service of the City of Chicago in any and all cases respectively where there is any civil service eligible on the original eligible list of the Civil Service Commission, that is any person or persons legally qualified for certification and appointment to such civil service employment, and in whose stead the said person or persons who have not so complied with the Civil Service laws and rules are, or may be, illegally and wrongfully appointed.'' This decree was entered November 8, 1928.

More than two years thereafter complainant served notice that on September 3, 1931, he would appear before a judge of the circuit court and ask a rule that respondents show cause why they should not be held in contempt of court for violation of the provisions of the foregoing original decree. The notice was addressed to the City of Chicago, a municipal corporation, Anton J. Cermak, mayor, M. S. Szymczak, comp-

troller, Richard J. Collins, Joseph P. Geary and Leonard D. White, civil service commissioners, A. A. Sprague, commissioner of public works, Willard A. Jackson, commissioner of gas and electricity, Daniel J. Carmody, fire commissioner, Myron D. Reynolds, city engineer, Henry A. Allen, mechanical engineer in charge of the operating division; William J. Lynch, harbor master, Benjamin F. Lindheimer, Ernest J. Kruetgen, Horacio B. Hackett and Joseph D. Higgins, members of the board of local improvements, and William H. Sexton, corporation counsel.

In support of this motion complainant filed a petition which was verified by him as of his own knowledge except "as to those matters which are stated upon information and belief." The petition sets up verbatim the decree entered November 8, 1928, and alleges that since the order for injunction was issued the mayor, the comptroller, the members of the civil service commission, the commissioner of public works, the commissioner of gas and electricity, the fire commissioner, the acting city engineer under the supervision of the commissioner of public works, the mechanical engineer in charge of the operating division under the supervision of the commissioner of public works, the harbor master under the supervision of the commissioner of public works, and the president, the vice president and the members of the board of local improvements, "have not complied with the order of Court granting said Injunction, but on the contrary have violated said order of court and are continuing to employ groups of temporary employees, thereby depriving the regular, legally qualified Civil Service eligibles from work, as provided by law."

The petition avers that ruses have been employed by defendants for the protection of the employment of temporary help, and a list of the names and addresses of such alleged temporary laborers in each department

is set up; that the action is adverse to the entire Civil Service Act and purpose of it, and that if such matters are allowed to be continued, the civil service will have no meaning whatsoever to the City of Chicago.

The officials heretofore named are made defendants, and it is alleged that it is only through the combination of various department heads and defendants that the violations can be perpetrated. The petitioner prays for an order holding the City of Chicago and said officials in contempt of court for their failure to comply with the decree hereinbefore set forth.

Respondents filed several pleas which they designate as pleas to the jurisdiction of the court, in each of which it is alleged that the particular respondent is not a party defendant to the original suit; that said suit was directed solely against Richard W. Wolfe, as commissioner of public works, George K. Schmidt, as comptroller, and the then civil service commissioners, and that they were the only defendants impleaded in that suit, the only defendants against whom any relief was sought, the only defendants named in the decree entered, the only defendants against whom the decree was directed and against whom any injunction or restraining order was directed, and the only defendants upon whom the decree operated; and setting up the decree, each defendant avers that the only defendants against whom any relief was prayed and the only relief sought were set out in the prayer for relief in the original cause; that the petition in the original cause impleaded only Wolfe, as commissioner of public works, for injunctive relief upon allegations against said Wolfe in his capacity as commissioner of public works, that he was employing and keeping in his employ a number of "emergency employees" in lieu of civil service employees alleged to be civil service laborers who were wrongfully laid off; that this was the sole issue for any injunctive relief sought by petitioner; further, that the

civil service commissioners and the comptroller were impleaded only for such alleged conduct as was indirectly and incidentally involved and made necessary as the result of the alleged conduct of Wolfe; that the original petition alleged that the Commissioners were "about to certify the necessity for immediate appointment of the said temporary laborers and the said George K. Schmidt, as comptroller of the City of Chicago is about to issue warrants upon the public funds of the City of Chicago raised by general taxation and also water taxes for the payments of the said temporary laborers for compensation for such employment"; that petitioner alleged that such action would constitute an illegal act and an illegal appropriation of moneys raised by general taxation to the prejudice of the petitioner as a taxpayer; that the only additional relief asked by petitioner in the original cause was that the commissioners should be enjoined from holding a certain civil service examination, which relief was denied by the chancellor and was not included in the decretal order entered in the cause.

Each of the pleas alleges:

"And this defendant, pleading as aforesaid, further says that he was not named in said original petition, nor complained of therein, nor was any relief sought by the petitioner as against him, nor was he by any and all of the allegations in said petition contained in any manner impleaded in the issues in said original petition presented; that the issues tendered against this defendant in this collateral proceeding by way of a charge of contempt of court against him was in no manner, in substance or form, germane to the issues tendered and the facts alleged in the original petition in said cause; that the facts now for the first time alleged against this defendant are entirely foreign to the facts and issues presented against those who were defendants to the original suit, and do not constitute in

whole or in part any portion of the subject matter involved in the original cause presented; that the facts charged by the present petition to constitute contempt of this court do not come within the purview of the original petition, issues tendered thereon and the decretal order entered in said cause."

The pleas further aver that petitioner pleaded no facts and sought no relief except in his capacity as taxpayer; that the facts alleged in the petition against respondents were not in whole or in part the facts complained of by petitioner in the original suit and did not constitute the subject matter involved in the original suit upon which the decretal order was based; that the facts pleaded in the contempt petition violated no rights that petitioner as a taxpayer was by the original suit decreed to have and constituted entirely new subject matter over which the court in the original suit had no jurisdiction and over which the court cannot now have jurisdiction as against respondents, over whom the court for the first time is asked to assume jurisdiction of the persons and the subject matter involved in this petition for contempt. Wherefore respondents prayed judgment if the court should take cognizance of the action.

Demurrers filed to these pleas by petitioner were overruled by the court, and an order dismissing the petition from which this appeal is taken by petitioner was entered.

Petitioner rightly contends that it was not proper practice to demur to the pleas; that the pleas should have been set down for hearing so that their sufficiency might have been considered. It is agreed, however, that a demurrer thus interposed might be regarded as surplusage, the plea itself being in the nature of a demurrer. *Lester v. Stevens,* 29 Ill. 155.

Petitioner also contends that the pleas were not good pleas to the jurisdiction, citing Puterbaugh's

Chancery Pleading & Practice, 6th ed., p. 122, for the failure to point out another court having jurisdiction. In the seventh edition by the same author, vol. 1, section 133, at page 199, he explains more fully:

"A plea to the jurisdiction does not dispute the right of the complainant in the suit, but simply asserts either that his claim is not a fit subject of cognizance in a court of equity or that some other court has jurisdiction. If the bill shows upon its face that the court has no jurisdiction, the objection may be taken by demurrer, otherwise it may doubtless be taken by plea, in which case, however, it would, properly speaking, be a plea in bar and not technically speaking, a plea to the jurisdiction, the distinguishing feature of the latter being that it points out another court having jurisdiction."

Story's Eq. Pl., 10th ed., sec. 711, is cited. The mere name by which the pleading is designated does not appear to us either important or controlling. By whatever name it may be called, the facts remain that respondents by their pleas challenged the jurisdiction of the court both as to the persons cited and as to the subject matter of the proceeding, and that challenge was sustained by the trial court and presents the controlling question for consideration by this court, in which we must assume the facts to be as stated in the pleas.

Petitioner points out that judgments and decrees of court which have jurisdiction are final and conclusive between the parties until reversed in a direct proceeding in the manner provided by law, and that they cannot be attacked collaterally, citing *Sheahan v. Madigan,* 275 Ill. 372, and many other cases. The proposition is not controverted, but here jurisdiction of both parties and subject matter is denied by the pleas.

Petitioner further urges the proposition that a proceeding to enforce a judgment or decree is collateral

to the same, and that upon such proceeding no inquiry into the regularity or validity of the decree can be permitted. That is the general rule but it is not applicable where the court entering the decree was without jurisdiction, as these pleas aver.

Petitioner contends also that an injunction restraining the doing of certain acts is binding not only upon those against whom it is entered but also upon those who have knowledge of it, and cites *Parsons v. People,* 51 Ill. App. 467, and *Flannery v. People,* 127 Ill. App. 526, where such is stated to be the rule of law applicable under circumstances entirely different from those disclosed by this record.

Petitioner urges that if a court has jurisdiction to grant an injunction it should be obeyed while it remains in force by anyone having knowledge of its existence though not a party to the proceeding in which it was granted. *O'Brien v. People,* 216 Ill. 354; *Mears Slayton Lumber Co. v. District Council,* 156 Ill. App. 327, are cited, and are cases where it was so held (but again) under circumstances clearly distinguishable from those disclosed by this record, where the pleas set up facts showing a lack of jurisdiction.

Petitioner urges the proposition that an injunction against a municipal corporation binds its officers or persons acting for it who have notice of the writ and of its contents, although not parties to the suit, and that they may be punished for violation, and cites *Phillips v. City of Detroit,* 2 Flippin's (U. S. C. C.) 92, which was a suit against a municipality for the alleged infringement of a patent—clearly distinguishable for that reason.

Other cases are cited, all of which are distinguishable on the facts which, as stated in the pleas in brief, are that by consent of the parties in litigation concerning certain named employees, a decree, general in its nature, directing named officials of the city government to

observe the law, is now sought to be enforced by contempt proceedings at another time, years subsequent to its entry, with respect to other and different persons and against other and different officials, most of whom are not even successors in office of those formerly impleaded, without summoning these officials, filing a bill against them, presenting an issue or giving them any opportunity whatever to be heard upon the merits in their own defense. Under the pleadings we must assume that the facts stated in these pleas are true, and assuming them to be true we hold that the court was wholly without jurisdiction of the persons of the officials cited, and that the petition was properly dismissed.

The order is therefore affirmed.

*Affirmed.*

McSurely, P. J., and O'Connor, J., concur.