*In re* ESTATE OF DARRYL GENE HARDY, Deceased.—(MARSHALL I. TEICHNER, Petitioner-Appellee, *v.* JOHN W. DYAR *et al.,* Respondents-Appellants.)

First District (4th Division) No. 61830

Opinion filed January 28, 1976.

J. William Hayton and James B. Moran, both of Bell, Boyd, Lloyd, Haddad & Burns, of Chicago, for appellant.

Morgan, Slater, Sider, Tuchow, Karzov & Brode, of Chicago, for appellee.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

The respondents, John W. Dyar, Robert S. Monroe, Vernon H. Houchen, Richard C. McDonald, Kirtley E. Wilson, John T. Taylor, individually, and as law partners, and Brenda K. Hardy, appeal from an injunction order entered by the Circuit Court of Cook County prohibiting them from seeking to void any contracts between Barbara L. Hardy and the petitioner, Marshall I. Teichner, in any other court.

The issues presented for review are whether it was error to issue the order because the venue of the estate in Cook County was improper, and whether the injunction was improperly issued because there was no showing the declaratory judgment proceeding would interfere with the orderly administration of the estate or it would result in fraud, gross wrong or oppression.

Darryl Gene Hardy, an employee of the Norfolk & Western Railroad, died on July 28, 1974, as the result of an explosion in the railroad yards at Decatur, Illinois. He died intestate as a resident of Macon County, Illinois, leaving his son, Darryl Gene Hardy, Jr., a minor, as his only heir. Brenda K. Hardy, the mother of the minor heir, was divorced from the decedent at the time of his death.

On July 31, 1974, Barbara L. Hardy, the mother of the decedent, represented by Marshall I. Teichner, filed a petition in the Circuit Court of Cook County, Probate Division, for appointment of herself as administrator of the decedent's estate. On August 2, 1974, the court entered an order making the appointment, and Teichner filed a personal injury action on behalf of the administrator against the Norfolk & Western Railroad in the Circuit Court of Cook County.

On August 1, 1974, Brenda K. Hardy, as a creditor of the estate of the decedent, filed a petition for letters of administration in the Circuit Court of Macon County nominating the First National Bank of Decatur as administrator, and on August 7, 1974, the court appointed the Bank as administrator to collect for the estate of the decedent.

On October 1, 1974, Brenda K. Hardy and the First National Bank of Decatur as administrator to collect, filed with the Circuit Court of Cook County a motion to transfer the estate from Cook County to Macon County because venue was improper in Cook County based on the decedent's residence in Macon County. On October 10, 1974, the First National Bank of Decatur was appointed guardian of the estate of Darryl Gene Hardy, Jr., by the Circuit Court of Macon County, and on October 30, 1974, it filed a motion in the Cook County proceeding to transfer the estate to Macon County because of improper venue. On December 17, 1974, the Circuit Court of Cook County denied the motions stating the Bank had no standing to intervene or raise the question of venue because it could not nominate the party to act as administrator under the statute.

Brenda K. Hardy, as natural guardian of the minor heir, then filed a complaint for declaratory judgment in the Circuit Court of Macon County. The complaint named as defendants Marshall I. Teichner, Barbara L. Hardy, and Leesa Hulvey, who was alleged to have been the girl friend of the decedent. The complaint asked for a determination that the contracts entered into between Teichner and Barbara L. Hardy and between Teichner and Leesa Hulvey were invalid because of the unlawful solicitation of business by Teichner. The complaint specifically alleged that Teichner had made cash payments of $200 each to Brenda K. Hardy and Leesa Hulvey and payment of "various sums of cash" to Barbara L. Hardy along with payment of certain expenses for her.

As a result of this complaint Teichner filed for an injunction in the probate proceedings in the Circuit Court of Cook County, and the court issued an order prohibiting the respondent attorneys from representing Brenda K. Hardy in an action in any court other than the Circuit Court of Cook to void any contracts between Barbara L. Hardy and Teichner

and prohibiting Brenda K. Hardy from seeking to void any such contract. The court stated such actions interfere with the orderly administration of the estate.

■■ The respondents first argue the injunction should be reversed because it was entered by a court in which venue was improper. It is clear that venue was proper in Macon County under the statute (Ill. Rev. Stat. 1973, ch. 3, § 54), because that was the county of the decedent's residence. It is also clear the motion to change venue should have been granted pursuant to the motion of the guardian of the minor heir. Even though the guardian had no authority to nominate an executor, it cannot be doubted that it had sufficient interest in the litigation to enforce the venue statute. *In re Estate of Provus* (1975), 30 Ill. App. 3d 378; *In re Estate of Lipchik* (1975), 27 Ill. App. 3d 331.

However, we find the respondents have acquiesced in the venue of Cook County by not appealing from the order denying the motion for a change of venue. The respondents argue the order was not final or appealable, citing the case of *In re Estate of Querciagrossa* (1965), 65 Ill. App. 2d 280. The administration of a probate estate is not analogous to the litigation resulting from a complaint filed at law. Here the order denying the motion to change venue expressly contemplated the possibility of an appeal. That order stated in part:

> "It is ordered that the motion to dismiss for lack of venue or in the alternative to transfer the instant cause to Macon County, Illinois be, and it hereby is, denied.
>
> It is further ordered that bond in the event of the appeal of this order be, and it hereby is, fixed at the sum of five hundred and 00/00 ($500)."

■■ The language of the order clearly indicated that the court considered it to be a final and appealable order, and failure on the part of the respondents to file a notice of appeal has resulted in an abandonment of the issue and a waiver of their right to assert venue in Macon County. It is well settled that a party may insist on proper venue or he may waive it. *United Biscuit Co. of America v. Voss Truck Lines* (1950), 407 Ill. 488; *Winn v. Vogel* (1952), 345 Ill. App. 425.

The fact that venue was initially proper in another county does not render the Cook County judgments void. Section 8(1) of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, § 8(1)) provides in part:

> "No order, judgment or decree is void because rendered in the wrong venue, except in case of judgment by confession as provided in section 50(4) of this Act."

The respondents next contend the injunction order was improper be-

cause there was no showing that the action would interfere with the orderly administration of the estate or that it would result in fraud, gross wrong or oppression. They cite the case of *Crawley v. Bauchens* (1974), 57 Ill. 2d 360. In that case the court held that an injunction may only be granted under limited circumstances:

> "An injunction, however, is an extraordinary remedy to be granted only in exigent circumstances. (See *Vulcan Detinning Co. v. St. Clair*, 315 Ill. 40.) We agree that a court of equity has the power, in appropriate circumstances, to restrain persons within its jurisdiction from instituting or proceeding with actions in the courts of this or sister states. (*James v. Grand Trunk Western R.R. Co.*, 14 Ill. 2d 356, *cert. denied*, 358 U.S. 915, 3 L. Ed. 2d 239, 79 S. Ct. 288.) Such restraint is only called for, however, when the prosecution of the action in another jurisdiction would result in fraud, gross wrong or oppression."

In this case gross wrong could occur if the appointment of Barbara L. Hardy, as administrator, is voided for lack of a proper venue or if the contract between her and her attorney is voided and the suit filed by her as administrator against the Railroad is subjected to dismissal.

We first note that Macon County improvidently granted letters of administration to the First National Bank of Decatur based on the nomination of Brenda K. Hardy and her claim to be a creditor of the estate of the decedent. This was in disregard of Barbara L. Hardy's clear preference as the mother of the decedent to nominate an administrator under the statute (Ill. Rev. Stat. 1973, ch. 3, § 96). We also note there was a lawsuit filed against the Railroad by the respondent attorneys for the First National Bank of Decatur in Macon County.

■■ An interference with the contract between Barbara L. Hardy and her attorney could result in the dismissal of the lawsuit filed in Cook County, and we cannot speculate as to what the Railroad would do in challenging the letters of administration issued by the Macon County Court in an attempt to dismiss the lawsuit filed there. If the Cook County Court was without venue and Barbara L. Hardy's suit as administrator was dismissed because her appointment was void, the Macon County suit may also be dismissed because of the improper appointment of the First National Bank of Decatur as administrator. In that event a great wrong would be worked upon the minor beneficiary of the decedent's estate. In these circumstances the Cook County Court was correct in retaining jurisdiction and entering its injunction to prevent damage to the estate.

The respondents' contention that section 24 of "An Act in regard to

limitations" (Ill. Rev. Stat. 1973, ch. 83, § 24a) would save the Cook County cause of action against the Railroad if the case were dismissed is merely speculative and cannot be relied upon by this court.

The respondents further argue that an injunction order prohibiting the maintenance of a suit is only proper in the court in which the case is pending under section 7(4) of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, § 7(4)). However, the petition by Teichner for an injunction was an ancillary petition brought to preserve the orderly administration of the estate, and was not a new suit commenced to enjoin a prior action at law. *Hayes v. O'Brien* (1894), 149 Ill. 403; *Hughes v. First Acceptance Corp.* (1931), 260 Ill. App. 176.

The petitioner, Teichner, contends the respondents should be estopped and precluded from challenging him or the actions of the probate court because their motive is not the protection of the minor heir, but rather their own financial enhancement. In support of this contention he cites the fact an administrator was appointed in Macon County despite the clear preference of the mother of the decedent under the statute, the fact a second cause of action against the Railroad was filed in Macon County, and the fact that two letters were written to the petitioner by respondents, which show improper motives. The first letter was written on July 29, 1974, the day after the decedent died. That letter states in part as follows:

> "It is entirely possible that we would be willing to work with you in respect to this case, but we would suggest that you telephone at your earliest convenience and discuss it with us. Naturally, any proceedings here in the administration of his Estate could be handled by us much more expeditiously than by you, but all this will need to be worked out between us."

The second letter states in relevant part as follows:

> "However, there is still litigation pending in Chicago involving injunctions obtained against my Office, as well as appeals from certain other Orders entered by the Probate Court in that County. All this can do is prolong the case and cause additional and unnecessary expenses. I would suggest that the matter be resolved on the following basis:
>
> (1) That you represent Barbara L. Hardy in respect to the Probate matters and the N & W Railway suit, and that the First National Bank of Decatur employ your firm as well as mine in connection with this lawsuit.
>
> (2) That the fees and expenses of this litigation be split between us.
>
> (3) That Barbara L. Hardy withdraw the Estate in Cook

County, or have the proceedings transferred to Macon County for consolidation with the above case." These letters may be interpreted either in good faith or as an attempt by the respondent attorneys to force their way into a lawsuit in order to share in the fees. We are unable to make such a determination from the record before us, but we believe the interests of the minor heir would be best protected in the Probate Court of Cook County.

For these reasons, the judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

JOHNSON, P. J., and BURMAN, J., concur.